## IN THE MATTER OF EDWARD RING.

HABEAS CORPUS.—The doctrine of *res adjudicata* does not apply to proceedings on *habeas corpus*.

SECOND APPLICATION FOR HABEAS CORPUS.—The decision of one Court or Judge refusing to discharge a prisoner on *habeas corpus* is not a bar in another application for the same writ before another Judge or Court.

JUDGMENT IN A CRIMINAL CASE.—The judgment of the Court in a criminal case to be entered by the Clerk in the minutes of the Court is sufficient if it states of what offense the defendant was finally convicted, and the penalty imposed by the Court. Such judgment need not recite the facts contained in the other papers constituting the record in the action.

AUTHORITY TO DETAIN A PRISONER.—A certified copy of the judgment properly entered in a criminal action is sufficient authority in the hands of the Warden of the Prison for the detention of the defendant.

HEARING ON HABEAS CORPUS.—If, at the hearing on *habeas corpus*, the Warden of the Prison has not a certified copy of the judgment in a criminal action in his hands, and it appears that a judgment authorizing the detention of the defendant was entered, a copy of which can be procured, the Judge or Court will give a reasonable time to procure such copy, and if obtained, quash the writ.

THE petitioner, Edward Ring, was indicted in San Mateo County. The case was transferred to the District Court for trial. On the 23d of March, 1865, the defendant was found guilty by a jury of the crime of manslaughter. The next day he was sentenced by the Court to imprisonment in the State Prison for the term of three years. The Clerk entered in the minutes of the Court the judgment of the Court in the following form :

"*The People* v. *Edward Ring*, March term, 1865. The defendant, Edward Ring, having been convicted of the crime of manslaughter, and the hour having arrived for pronouncing

judgment in this cause, and the defendant, with his counsel, being present in Court, and he having been informed by the Court of the nature of the indictment, of his plea thereto, and of the verdict, and the defendant having nothing further to say why judgment should not be pronounced, the Court proceeded to pronounce its judgment as follows: That the defendant, Edward Ring, be confined in the State Prison of the State of California for the term of three years, and ordered that judgment for costs be entered against him."

The Clerk also entered in the Civil Judgment Book the following judgment:

"*The People of the State of California* v. *Edward Ring*— No. 426. This cause came on regularly in its order for trial, upon an indictment found in the County Court of the County of San Mateo, for the crime of murder, and transmitted to this Court for trial.

"The defendant being present in person in Court was duly arraigned, and entered a plea of not guilty of the offense charged.

"Messrs. Scofield and Barnes appearing for plaintiff, and the defendant being present in person in Court, and being also represented by his attorneys, Messrs. Campbell, Fox & Campbell, the trial proceeded; a jury of twelve persons were regularly impanelled and sworn to try the cause; witnesses on the part of plaintiff and defendant were sworn and examined. After hearing the evidence, the arguments of counsel, and the instructions of the Court, the jury retired, and subsequently returned into Court, and being called, answered to their names and said that they found a verdict of guilty of manslaughter against the defendant; and subsequently, on the 24th day of March, A. D. 1865, the defendant being present in person in Court, with his counsel, and the Court having previously informed him of the nature of the indictment and of his plea, and of the verdict, and asking him if he had any legal cause to show why judgment should not be pronounced against him, and said defendant answering and saying that he had nothing

further to say—whereupon the Court rendered its judgment as follows:

"That he, the said defendant, Edward Ring, be confined in the State Prison of the State of California for the term of three years, and that a judgment for costs be entered against him.

"Wherefore, by reason of the law and the premises aforesaid, it is ordered, adjudged, and decreed, that the defendant, Edward Ring, be confined in the State Prison of the State of California for the term of three years; and that said plaintiff do have and recover of and from the said defendant his costs of this suit, amounting to the sum of one hundred and thirty-two dollars and thirty cents ($132 30). Judgment rendered, March 24th, 1865.

"THOMAS H. NOBLE, Clerk.

"By John Ames, Deputy."

A certified copy of the judgment entered in the Civil Judgment Book was delivered to the Sheriff who conveyed the prisoner to the Penitentiary, and handed the same to the Warden.

An application was then made to the District Judge for the discharge of the prisoner on *habeas corpus.* The Judge refused to grant the discharge.

Afterwards the prisoner applied to the Supreme Court to be discharged on *habeas corpus.* The Warden, by his return to the writ, stated that he held the petitioner in his custody in the State Prison by virtue of a judgment of the District Court in and for the County of San Mateo, at the March term, 1865, a certified copy of which judgment was attached to the return. The copy thus attached was a copy of the judgment entered in the Civil Judgment Book.

The Court holds that a certified copy of the judgment entered by the Clerk in his minutes would have been sufficient authority for the detention of the prisoner.

32

*Campbell, Fox & Campbell,* for Petitioner.

The first objection to the alleged judgment is that it does not state " the offense for which the conviction has been had;" as required by section four hundred and sixty-two, Criminal Practice Act. It is silent as to the party alleged to have been killed, as to the time, and as to the place. It merely states " that the jury said that they, the jury, found a verdict of manslaughter against the defendant." There is even no adjudication or judgment by the Court upon that verdict that he is so guilty.

It is claimed that there is a broad distinction between " the crime *of* which " and the offense *for* which (Crim. Prac. Act, Sec. 462) a conviction has been had ; that while the former may be satisfied by the general allegation of " manslaughter," etc., the latter can only be satisfied by setting out the *offense for which*, etc., with sufficient particularity to designate the party killed, and the place, etc., so as to enable the Court to distinguish this particular offense on the judgment itself from any other offense, and to identify it in case the defendant should be again charged.

Sections two hundred thirty-eight and two hundred thirty-nine, Criminal Practice Act, show this distinction. By section two hundred thirty-eight, in the commencement of the indictment the defendant is " accused by the Grand Jury," etc., of the crime of " manslaughter," etc. By section two hundred thirty-nine, " the offense charged " has to be set out.

Should it be contended that the entry on the minutes is a judgment, and that the defendant should be remanded until a copy of that judgment can be delivered to the Warden, we reply, that the first elements of a judgment are wanting. It is the mere recital of those things which preceded the judgment, and is not an adjudication, consideration, or judgment of the Court on that recital. It is open to all the objections urged against the alleged return of the writ, and to the additional—and, we think, fatal one—that it contains no adjudication. It should have gone on to say, " wherefore it is by the

Court here considered and adjudged that said Edward Ring is guilty," etc., and then the award of the punishment.

*J. G. McCullough, Attorney-General,* against the discharge, argued that the principle of *res adjudicata* was applicable to this proceeding, and cited *Lynde* v. *Noble,* 20 Johnson, 80; *Mercier* v. *The People,* 25 Wend. 64; and *De Casta's Case,* 1 Parker's Crim. Cases, 129.

As to the sufficiency of the warrant of commitment, the Attorney-General referred to *The People* v. *Cavanagh,* 2 Abbott's Prac. R. 84. He also insisted, that if at common law the judgment was not sufficiently technical, yet it was good under our Practice Act, and referred to *The People* v. *King,* 27 Cal. 507.

By the Court, SANDERSON, C. J.

Two questions are presented: First, is the principle of *res adjudicata* applicable to proceedings on *habeas corpus;* and, second, is the process or judgment under which the petitioner is held in custody so defective in some matter of substance required by law as to render it void?

I. Under the old Constitution it was held in *Ex parte Perkins,* 2 Cal. 429, that a decision upon a *habeas corpus* was not appealable or subject to review, and that the doctrine of *res adjudicata* has no application to such a case. The late amendments to the Constitution have made no change which affects this question, and the statute upon the subject of *habeas corpus* remains the same as it was at the time that decision was made. In that case it was held that a party in custody might apply in succession to every Judge of every Court of record in the State for his discharge on *habeas corpus* until the entire judicial power of the State was exhausted; but in this respect the new Constitution has made a change, and such party is now restricted to the Justices of this Court and the District and County Judges of the district or county in which he is restrained of his liberty.

II. The four hundred and sixty-second section of the Criminal Practice Act requires the Clerk to enter every judgment rendered upon a conviction in the minutes, "stating briefly the offense for which the conviction has been had," and within five days thereafter annex together and file certain specified papers, "which shall constitute the record of the action." The record so made up contains, among other papers, the indictment and a copy of the minutes of the plea or demurrer, a copy of the minutes of the trial, and a copy of the minutes of the judgment. The several papers specified, when so annexed together and filed, are expressly declared to be the record of the action, and that is the record which would have to be produced in support of a plea of former conviction. That the several papers specified in the four hundred and sixty-second section enter into and become a part of the record must not be lost sight of when we come to determine what it is essential that the judgment itself should contain, for where several papers are thus united in chronological order and made one in legal intent, it cannot be claimed that the contents of one should be repeated in another. If they all, taken together, furnish facts sufficient to protect the defendant against another prosecution for the same offense, it cannot with any show of reason be claimed that the record is defective in any matter of substance. From the mere fact that these several papers are taken into and made a part of the record, it is clear that each one was intended merely to tell its own story—or rather, to relate its particular branch of the whole history. Thus the indictment states the jurisdictional facts, the nature of the offense and the facts and circumstances, so far as they are material. The other papers give the history of the trial, including the verdict; and the judgment, which constitutes the last chapter, merely finishes the account by stating of what offense the defendant was finally convicted, and the penalty imposed by the Court. The judgment need not, and it was not intended that it should, repeat anything contained in the papers which precede it, for in view of the fact that they go

into the record and make a part of it, such repetition would be idle and serve no useful purpose.

Looking, then, at the judgment, as entered in the minutes, in the light of what has been already said, we think it is not defective in any matter of substance which the law, as we have expounded it, requires it to contain.   The only material parts of a judgment, as we have seen, are the statement of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers, and therefore not necessary to be repeated, and the sentence of the Court.   These material parts are both found in the judgment under consideration.   It states the fact that the defendant had been convicted of the crime of manslaughter, and that the Court had sentenced him to a confinement in the State Prison for a term of three years.   These facts, in connection with those detailed in the preceding papers, complete the history and render the record full as to every fact necessary or material for the protection of the defendant against a second prosecution for the same offense.   (*People* v. *Kavanagh*, 2 Parker's Crim. Rep. 660.)   Such being the case, a certified copy of the judgment, as entered in the minutes, should have been delivered to the Sheriff, and by him delivered with the person of the defendant to the Warden of the State Prison, and the same would have been a sufficient warrant in his hands for the detention of the defendant until the expiration of his term of imprisonment.   (Crim. Prac. Act, Sec. 463.)

From what has been said, it follows that the defendant is not now in custody under the proper process, but he cannot for that reason be discharged, since it appears that a judgment of imprisonment, in the place where he is now confined, has been rendered against him in due form of law by a Court of competent jurisdiction, and that a certified copy thereof can be readily and speedily obtained.   For this a reasonable time must be afforded.   It is therefore ordered that the petitioner be remanded, and that fifteen days be allowed the Warden of the State Prison to obtain the proper process and make return

thereof to this Court, whereupon this writ will be quashed; otherwise the prisoner will be discharged from custody.