## Ex parte DOBSON.

Commitment to State Prison.— When a defendant in a criminal action is convicted of a felony, and sentenced to confinement in the State Prison, the commitment should consist of a certified copy of the judgment as entered in the minutes of the Court. A commitment which does not contain such copy, but recites the history of the action and proceedings therein, is not sufficient authority to detain the prisoner.

The petitioner, who was detained in the State Prison, applied to the Supreme Court to be discharged on *habeas corpus*. The Warden of the Prison returned that he detained the petitioner by virtue of the following commitment:

" State of California,   }
          " County of Calaveras. }
     " To the Sheriff of Calaveras County: At the October

Term of the Court of Sessions in and for the County of Calaveras aforesaid, held at Mokelumne Hill, in said county, on the 5th day of December, A. D. 1859, Hon. Wm. Porter, County Judge, Wesley K. Boncher, Associate Judge, Wm. Tait; Associate Judge, J. H. Dobson was brought before said Court, charged with the crime of mayhem, and indicted by the Grand Jury of said county at said October Term, on the 5th day of December, A. D. 1859, for the crime of mayhem, which crime was committed on the 13th day of November, A. D. 1859, or thereabouts, and the said J. H. Dobson having been tried by a jury on the 9th day of December, A. D. 1859, and a verdict rendered of guilty of the crime of mayhem, as charged in the indictment against the said J. H. Dobson, and the Court having rendered the following judgment on the 10th day of December, A. D. 1859, to wit: that the said J. H. Dobson be taken by the Sheriff of Calaveras County to the State Prison for the State of California, and there be confined for the period of ten years;

"Therefore, the people of the State of California command you to carry the said J. H. Dobson to the State Prison of the State of California, the Keeper whereof is hereby required to keep him in safe custody in the said State Prison until the judgment so rendered be satisfied or he be discharged by due course of law.

"Witness my hand and the seal of said Court, at my office, in the Town of Mokelumne Hill, this 10th day of December, 1859.

     (Signed,)          "Wm. H. Hanford, Clerk.

{ L. s. }          "By A. W. Genung, Deputy."

The other facts are stated in the opinion of the Court.

*S. S. Holl*, for Petitioner.

*J. G. McCullough, Attorney-General*, against the discharge.

By the Court, Rhodes, J. :

It is provided by section four hundred and sixty-three of the Criminal Practice Act that " when a judgment has been pronounced, a certified copy of the entry thereof in the minutes shall be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require the execution thereof, except when judgment of death is rendered." The return to the writ of *habeas corpus* shows that the prisoner is held under a writ issued by the Clerk, commanding the Keeper of the State Prison to keep the prisoner in safe custody in the State Prison until the judgment mentioned in the writ is satisfied or the prisoner discharged by due course of law ; but the writ neither purports to nor contains a certified copy of the judgment, nor does it appear that such copy was furnished to the officer whose duty it was to execute the judgment.

The prisoner is therefore entitled to his discharge, and it is so ordered.

Mr. Justice Sanderson delivered the following concurring opinion, in which Mr. Justice Shafter concurred :

The petitioner is held in custody by the Warden of the State Prison, and asks to be discharged from the custody of that officer upon the ground that the process under which he is held is defective in matter of substance.

What shall be final process in criminal actions, except where the punishment is death, is prescribed by section four hundred and sixty-three of the Criminal Practice Act. It must be a certified copy of the judgment as entered in the minutes of the Court. What the judgment must be is prescribed in section four hundred and sixty-two. By that section, as we held in *Ex parte Ring*, 28 Cal. 247, the judgment is required to state the offense of which the defendant has been convicted and the punishment imposed or adjudged by the Court.

The process under which the petitioner is held does not respond to the calls of the statute. It does not purport to be a certified copy of the judgment, if any, which was rendered against the defendant. On the contrary, it is a document addressed to the Sheriff of the County of Calaveras, and issued by the Clerk of the Court, in which a brief history of the action and the proceedings therein is given, compiled apparently by the Clerk from the records of the Court. Regarded as a final process, it is wholly unauthorized by the statute, and therefore has no validity as such. The petitioner is entitled to be discharged, and I therefore concur in the order.