[Sac. No. 1029. Department One.—March 18, 1904.]

## LA GRANGE HYDRAULIC GOLD MINING COMPANY, Appellant, v. R. L. CARTER, Clerk, etc., and T. F. BERGIN, Tax-Collector, Respondents.

TAXATION—EQUALIZATION—RAISING OF ASSESSMENT—PROOF OF ACTION OF BOARD.—Where a board of equalization passed a resolution directing a taxpayer to show cause why his assessment upon particular property described should not be raised from the assessment stated to a much larger sum specified, due notice of the hearing of which was given, and upon the hearing the board had before it the preliminary order, entered upon its minutes, the assessment-roll containing the assessment, and other evidence, and then resolved that the assessment "stand as raised," the latter resolution cannot be considered as the only proof of what was done, but the court must consider the context, the other entries made in its minutes, and the testimony showing that its action had reference to the figures in the original order to show cause, to ascertain what was in fact done by the board.

ID.—TAX PROCEEDINGS—STRICT CONSTRUCTION—LIMITATION OF RULE.—While it is the general rule that tax proceedings and the levy and raising of assessments must be strictly construed, yet the rule should not be carried to the extent of looking solely to the record of an order made by the board of equalization.

ID.—CONSTRUCTION OF RESOLUTION.—Where the board of equalization possessed the power claimed to have been exercised, and had jurisdiction of the subject-matter, and substantially followed the method prescribed by the statute, and in fact exercised the power, the court will not construe the language used by it in a resolution in a strictly technical sense, but will endeavor, by a view of the whole proceedings, to ascertain to a common certainty what was done.

ID.—POWERS OF BOARD—PRESUMPTION.—The board of equalization of a county possesses great powers under our constitution and statutes as to raising or lowering assessments, and, in the absence of fraud

or malicious abuse of its powers, it seems to be the sole judge of questions of fact and of values of property; and it must be presumed in all cases that, as a public official body, it has performed its duty.

APPEAL from a judgment of the Superior Court of Trinity County and from an order denying a new trial.  T. E. Jones, Judge.

The facts are stated in the opinion.

C. W. Cross, for Appellant.

D. J. Hall, District Attorney, and Charles A. Garter, for Respondents.

COOPER, C.—This action was brought to set aside and annul certain orders and entries raising the plaintiff's assessments on certain properties for the year 1898.  Findings were filed upon which judgment was entered in favor of defendants. This appeal is from the judgment and the order denying defendant's motion for a new trial.  The claim of appellant is, that the order made by the board of equalization was not sufficient in form, and was not in fact an order raising the plaintiff's assessments.

Plaintiff, at the proper time, gave to the assessor a verified statement of its taxable property, and thereupon the assessor duly assessed plaintiff upon the property in controversy as follows:—

"James Ward Placer Mine, $19,700; Chaumont Quitry Ditch, $12,500; rights to waters of Stuart's Fork, diverted by said Chaumont Quitry Ditch, $100."

The board of equalization, at the time and in the manner provided by law, passed a resolution directing plaintiff to show cause on the thirteenth day of July, 1898, at the rooms of the board, why its assessment should not be raised as follows:—

"James Ward Placer Mine raised from $19,700 to $50,000; Chaumont Quitry Ditch, etc., from $12,500 to $22,500; rights to water of Stuart's Fork, Chaumont Ditch, from $100 to $2,000."

Due notice of the above resolution was given to plaintiff, and, at the time and place stated in the notice, plaintiff ap-

peared before the board, with witnesses, who were examined as to the value of the property. The board had before it the assessment-roll containing the individual assessments in the county and other evidence, and after hearing the plaintiff a member of the board offered a resolution, as appears by the minutes, "that the assessment of the La Grange Hydraulic Gold Mining Company stand as raised." The resolution was seconded and adopted by the board. It is claimed that there had been no raise of the plaintiff's assessment, and that the above-quoted resolution was meaningless,. as it did not describe the property nor state the amount to which it was raised, nor state in fact that it was raised. There would be much force in the plaintiff's contention if we were to look at the words of the resolution standing alone. But we must look at the context, other entries in the minutes, and to the testimony, in order to ascertain what was in fact done by the board. While it is the rule that tax proceedings and the levy and raising of assessments must be strictly construed, yet the rule should not be carried to the extent of looking solely to the record of an order made by an inferior tribunal or board. Such tribunal must possess the power claimed to have been exercised. It must have jurisdiction of the subject-matter; it must have substantially followed the method prescribed by the statute; and finally, it must in fact have exercised the power. But, where all the above matters appear, the court will not go to the length of viewing the language used by such inferior board in a strictly technical sense. On the contrary, it will endeavor, by a view of the whole proceedings, to ascertain to a common certainty what was done.

In this case the board made the proper preliminary order, of which no complaint is made. This order described the property, specified the amount at which it had been assessed, and the amount to which it was proposed to increase the assessment. This preliminary order was upon the minutes and before the board on July 13th, when it made the resolution. It then appears from the minutes of the board that on July 13th, at ten o'clock A. M., the board met for the purpose of hearing evidence and considering the raise of assessments; and the entries in the minutes relative to the plaintiff's property are as follows :—

"W. H. Radford and H. M. Hall are each sworn and exam-

ined and show statements of receipts and expenditures in re-assessment of the La Grange Hydraulic Gold Mining Company; ordered that the following assessments upon the assessment-roll of 1898 be and are hereby raised, as follows, to-wit:—

"La Grange Hydraulic Gold Mining Company Assessment No. 776, lot 46. James Ward Placer Mine raised from $19,700 to $50,000.

"14½ M. Chaumont Quitry Ditch and water-right from Rush Creek raised from $12,500 to $22,500.

"Right to waters of Stuart's Fork (Chaumont Ditch) raised from $100 to $2,000.

"Vote on the assessment of the La Grange Hydraulic Gold Mining Company to stand as raised.

"Ayes: J. C. Van Matre, James E. Dockery, G. W. B. Yocum, and L. Grigsby.

"Nays: J. W. Shuford."

The appellant does not attack the above order as entered in the minutes, but objects to the particular part of the proceedings relative to the vote on the matter, the claim being that the resolution that the assessment stand as raised does not show a vote or resolution upon any proposition with regard to the assessment.

We think the whole of the minutes must be considered, and that they show with reasonable certainty that the assessments of the three properties were raised. In regard to the resolution, the clerk of the board entered it. He testified that he was not sure whether the resolution was "stand as proposed to be raised," or "stand as raised"; that the exact language of a resolution is not as a rule entered on the books; that the motions are not put in regular form very often.

This witness further testified that the figures of the original assessments were read to the board, and the figures of the proposed raise of each piece of property, and that whatever was done had reference to the figures in the original order to show cause.

It is provided in the Political Code (sec. 3682) that "The clerk of the board must record, in a book to be kept for that purpose, all changes, corrections, and orders made by the board, and during its session, or as soon as possible after its adjournment, must enter upon the assessment-book all changes and corrections made by the board." The assessment-

book must then, before the first Monday in August, be delivered to the auditor with an affidavit of the clerk that he has "kept correct minutes of the acts of the board touching alterations in the assessment-book; that all alterations agreed to or directed to be made have been made and entered in the book, and that no changes or alterations have been made therein except those authorized."

It is thus the duty of the clerk to record the proceedings and enter in the assessment-book all changes and corrections.

It is provided in section 3885 of the Political Code: " No assessment or act relating to assessment or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law."

It was held by this court in *Buswell* v. *Supervisors,* 116 Cal. 354, that the equalization of the assessor's assessment by the board of equalization is an act relating to assessments within the meaning of the section quoted. The liberal rule was there laid down that the equalization of taxes made by the county board after the expiration of the time-limit fixed by section 3762 of the Political Code was not void, and the court said: " The tax-payer may be heard to complain only when, by reason of delay, he has been debarred of some statutory right, and thereby suffers injury."

In *County of San Luis Obispo* v. *White,* 91 Cal. 436, where an election proclamation was ordered by the board of supervisors to be published in a certain paper, but the clerk failed to enter the order in the minutes, it was held that oral evidence was admissible to prove the order, and the court said: " The power of the board to act exists independently of any action of the clerk, and the validity of an exercise of it does not depend upon the diligence of the clerk. Were it otherwise, the clerk would have it in his power to either by carelessness or design defeat any of the actions of the board."

In speaking of the liberal rule now applied in this state as to assessments and proceedings at a tax sale, this court said, in *Davis* v. *Pacific Improvement Co.,* 137 Cal. 250: " Such legislation in this state is shown by the provisions of the Political Code making the deed *prima facie* evidence of all acts necessary for acquiring jurisdiction to make the sale, and conclusive as to all proceedings taken in the exercise of the jurisdiction thus acquired, and also by the provision in sec-

tion 3885 that no 'informality' in any act relating to the assessment or collection of taxes shall render the tax illegal. The duty of the owner of land to pay the taxes thereon, and the right of the state to enforce their collection, is not changed, but the inducement that under the former system was held out to the owner not to pay the taxes, in the hope that some trifling and immaterial defect in the proceedings might be shown to defeat the effect of the sale, has been taken away."

In this case it is clear that the order of the board was to raise the assessments to the figures which were before the board in the notice of intention to raise. The entry made by the clerk of the board in the minutes was sufficiently full. True, the resolution as recorded is not in the most apt language. But even as to this the clerk of the board does not pretend that he recorded it in the exact words in which it was orally stated. He testified that it was substantially correct. If we were to adopt the rule contended for by appellant as to acts of boards of supervisors, boards of equalization, and other inferior tribunals, and hold them to exact and apt expressions framed in proper legal terms, and set aside all acts not so expressed, it would result in nullifying most of the acts of such boards. Even in superior courts in criminal cases the final judgment of conviction need not recite the facts contained in the other papers constituting the record in the action. (*Matter of Edward Ring,* 28 Cal. 348.)

A board of equalization of a county possesses great powers under our constitution and statutes as to raising or lowering assessments. It seems, in the absence of fraud or malicious abuse of its powers, to be the sole judge of questions of fact and of the values of property. Such power should be used with caution, after investigation, and with the sole purpose of doing equal and exact justice to each and every taxpayer, whether rich or poor, corporation or private citizen. To it the taxpayer can go for relief when assessed for more than his property is worth. To it the taxpayer may go when through fraud, favoritism, or ignorance of values some taxpayer is about to escape his just burden of taxation. We must presume in all cases that as a public official body it has performed its duty.

It becomes unnecessary, from the views herein expressed, to decide the questions raised by defendant as to the suffi-

ciency of the complaint or the power to maintain this kind of an action.

We advise that the judgment and order be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.