[Crim. No. 1748. Third Appellate District.—January 22, 1941.]

In re MILDRED CLARK, on Habeas Corpus.

A. B. Reynolds for Petitioner.

Philip Lynch, District Attorney (Solano), and Kenneth I. Jones, Deputy District Attorney, for Respondent.

PULLEN, P. J.—Petitioner was convicted in the Police Court of the City of Vallejo on a complaint charging that

she did "on or about the 8th day of October, A. D. 1940, at and in the City of Vallejo . . . then and there wilfully and unlawfully steal, take and attempt to carry away from the immediate possession of the lawful owner thereof, merchandise of the value of sixteen dollars." To this complaint defendant entered a plea of not guilty and at the opening of the trial interposed an objection to the introduction of evidence, and after conviction, moved in arrest of judgment. The objections and motion were denied, and she was sentenced to imprisonment in the county jail.

Having been delivered into custody of the sheriff under such judgment she now seeks to be discharged by this court on *habeas corpus* contending that the complaint in the justice court did not state facts constituting a public offense.

The argument of counsel revolves around the two following sections of the Penal Code,—the one defining theft, and the other, the necessary averments of such offense. "Every person who shall feloniously steal, take, carry, lead or drive away the personal property of another . . . is guilty of theft." (Section 484 of the Penal Code.) Section 1426 of the Penal Code provides in part, "all proceedings . . . before a . . . police court . . . for a public offense . . . must be commenced by complaint . . . setting for the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of. . . . In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another."

While the complaint before us was defective in that it did not set forth all of the facts essential to a proper description of the crime,—it not appearing to whom the property taken belonged,—it did allege the element of the crime of theft in that it charged petitioner with unlawfully taking the property of another.

Petitioner was entitled to the name of the owner of the property taken but the failure to set forth that fact did not thereby deprive the police court of jurisdiction. It has frequently been held that while a writ of *habeas corpus* would lie when the complaint wholly failed to state a public offense, the writ cannot be made to serve the office of a demurrer. Petitioner, however, protected her right to appeal from the judgment of conviction by appropriate objections to the in-

troduction of evidence and by a motion in arrest of judgment.

In *In re Ah Sing,* 87 Cal. 423 [25 Pac. 552], petitioner had been convicted of visiting a gambling house, a misdemeanor. His release was sought by *habeas corpus,* it being urged the justice court was without jurisdiction because the time of the offense was not set out in the complaint. The court held this defect did not affect jurisdiction and the petitioner was remanded.

In *In re Hartman,* 9 Cal. (2d) 583 [71 Pac. (2d) 921], a complaint in the justice court failed to allege the township or even the county in which the offense was committed. This error or omission was presented to the court upon a writ of *habeas corpus,* but there also the petitioner was remanded. To the same effect was the holding in *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029], where the court refused to discharge the petitioner where the complaint failed to set forth the township.

It is seen from the foregoing that the omission to allege time in one instance and place in another is not ground for the issuance of the writ. It would appear from in *In re Meisner,* 30 Cal. App. (2d) 290 [86 Pac. (2d) 124], that the failure to mention the name of the owner of the property did not go to the question of jurisdiction. In that case petitioner was charged as follows:

"The said defendants . . . did . . . steal and take away property not belonging to them, to-wit: scrap iron, which was located on railroad property adjacent to W. L. Plaugher's property on West Elm street". Petitioner entered a plea of guilty and then sought his release on *habeas corpus* on two grounds, that the complaint failed to state the offense was committed within the jurisdiction of the court and that it failed to state a public offense in that the complaint did not specifically allege the property stolen was the property of another. Upon the first point, while the criminal jurisdiction of a city or justice court is strictly limited, and although the complaint failed to state the offense was committed within the jurisdiction of the court, the evidence *dehors* the record and the plea of petitioner was a sufficient answer. As to the failure to allege the property taken was personal property of another, the allegation that petitioner stole property not belonging to him was sufficient, the plea of guilty negatived the claim that the property was abandoned.

In the case of *In re Hayward*, 62 Cal. App. 177 [216 Pac. 414], for a writ of *habeas corpus*, the court points out that such a writ may not be used as a demurrer or for the purpose of correcting errors. ''The writ of *habeas corpus* is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law.'' (*In re Kowalsky*, 73 Cal. 120 [14 Pac. 399].)

Another point urged by petitioner is that the complaint is so fatally defective that it would not constitute a bar to a subsequent prosecution for the same offense.

This objection is answered in *In re Martin*, 51 Cal. App. 706 [197 Pac. 365], where it is said:

''If it be true, as alleged, that petitioner is being again prosecuted for an offense for which he was once in jeopardy, he may, upon the trial of his case, plead such conviction and establish the identity of the cases by evidence, the burden being on him. *People* v. *Faust*, 113 Cal. 172 [45 Pac. 261];'' *In re Winston*, 160 Cal. 18, 20 [116 Pac. 390]. As early as *Ex parte Turner*, 75 Cal. 226 [16 Pac. 898], where it was feared by petitioner the date of the offense might become material, the court said: ''But if the petitioner should ever have the misfortune to require evidence in support of such a plea of former conviction, he will be entitled to the whole record, and not simply to the judgment. *Ex parte Ring*, 28 Cal. 247, 253''. Some objection was also therein made to the sufficiency of the judgment. The court further said: ''To entitle the petitioner to a discharge we must necessarily assume that the record of conviction fails to show the commission of any offense. To reach this conclusion we should have to resort to a hypercritical, over nice and technical examination of the commitment, convert the writ of *habeas corpus* into a writ of error and defeat the ends of justice.''

The writ is dismissed and the petitioner remanded.

Thompson, J., and Tuttle, J., concurred.

A petition for a rehearing was denied February 6, 1941.