JUAN RAMÓN GONZÁLEZ, peticionario y apelante, *v.* FÉLIX R. RIVERA, JEFE DE LA PENITENCIARÍA INSULAR DE RÍO PIEDRAS, recurrido y apelado.

Núm. 10224.—*Sometido:* Julio 12, 1950. *Resuelto:* Agosto 1, 1950.

*Santos P. Amadeo* y *Luis E. Gandía Argüelles,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la petición de hábeas corpus radicada ante el Tribunal del Distrito de San Juan alega Juan Ramón González, en síntesis, que allá para el mes de agosto de 1919 fué acusado y convicto del delito de violación por la Corte de Distrito de Aguadilla, sentenciándosele a sufrir una pena de quince años de presidio; que en el momento de leérsele la acusación, al igual que al dictársele sentencia no estuvo representado por letrado, no estándolo tampoco en otras etapas del procedimiento; que en 1937 fué acusado ante la Corte de Distrito de San Juan de un delito de asesinato en primer grado subsiguiente, tomándose como base para ello su convicción anterior por el delito de violación; que visto el caso

ante jurado éste rindió un veredicto de asesinato en segundo grado subsiguiente, sentenciándosele por dicha corte, como resultado del veredicto así rendido, a sufrir una pena de treinta años de presidio; que no podía sentenciársele por asesinato en segundo grado subsiguiente, toda vez que la sentencia originalmente dictada por el delito de violación en 1919 era nula por no haber estado él representado por letrado en los momentos que ha indicado; y que siendo nula la sentencia dictada en el caso de violación, al sentenciársele por asesinato en segundo grado subsiguiente se le privó del debido proceso de ley.

Expedido el auto y radicado el *return* por el Jefe del Presidio Insular, el recurso fué visto ante el tribunal inferior, dictando éste resolución declarando sin lugar el mismo. El peticionario apeló. Alega que el tribunal a quo erró al sostener que la sentencia dictada por la Corte de Distrito de Aguadilla era válida y podía servir de base para acusarle de un delito subsiguiente de asesinato en segundo grado, y al resolver que era válida la sentencia dictada en su contra por el delito subsiguiente de asesinato en segundo grado.

■ Dispone el artículo 56 del Código Penal que "El reo que, habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, . . . será castigado por el subsiguiente delito según se especifica a continuación: (1) Si el subsiguiente delito aparejare, en primera convicción, pena de presidio por un término de más de cinco años, dicho reo será castigado con pena de presidio por un término mínimo de diez años. . . ."

La alegación de que el acusado ha sido convicto previamente de otro delito no constituye la imputación de un delito en sí. Ella se hace con el propósito único de que el caso caiga dentro del estatuto y a fin de que se imponga al acusado la pena más severa fijada por aquél. *Moore* v. *Missouri*, 159 U. S. 673, 677; *McDonald* v. *Massachusetts*, 180 U. S. 311, 313; *Graham* v. *West Virginia*, 224 U.S. 616, 623; *Carlesi* v. *New York*, 233 U.S. 51, 58.

█ Suponiendo la nulidad de la sentencia en el caso de violación por cualquiera de los motivos alegados ahora por el peticionario, ¿es el hábeas corpus el procedimiento adecuado para plantear tal nulidad cuando la misma no se suscitó dentro del proceso por asesinato? Creemos que no. Cuando el peticionario fué acusado del delito de asesinato a él se le informó claramente que se le perseguía por un delito subsiguiente. Fué entonces que él debió plantear la cuestión de la nulidad de la convicción anterior por el delito de violación. No habiéndolo hecho así, tal cuestión fué renunciada, estando impedido ahora de levantar la misma a virtud del auto interesado.

Conforme resolvió la Corte Suprema del Estado de Minnesota en *Willoughby* v. *Utecht*, 27 N.W.2d 779 (1947), 171 A.L.R. 535, 540 "cuando una sentencia se basa en una sentencia anterior nula, el remedio a seguirse es atacar aquélla dentro del caso en que la misma se dictó, demostrando que no existe base para ella debido a la invalidez de la sentencia en que se fundó, mas no atacar esa sentencia en un procedimiento separado e independiente, como ocurre en este caso. Mientras subsista la sentencia que tuvo como base la anterior dictada, la misma no está sujeta a ser atacada a base de la nulidad de la sentencia anterior." En el tomo citado de American Law Reports se dice además, a la página 542, que "de acuerdo con la mayoría de los casos que tratan esta cuestión específica, la regla es que una persona convicta y sentenciada como reo de subsiguiente delito no puede eludir ser castigada mediante un recurso de hábeas corpus, fundado en que una o más de sus condenas anteriores fueron nulas", citando entre otros casos el de *Ex parte Basuino*, 22 Cal.2d 247 (1943), 138 P.2d 297.

En *Gayes* v. *New York*, 332 U.S. 145, el acusado, menor de dieciséis años de edad, fué procesado en 1938 de los delitos de escalamiento en tercer grado y hurto menor. Se le preguntó si deseaba estar representado por letrado y contestó negativamente. Celebrado el juicio, la corte le sentenció y

ordenó que fuera recluído en una escuela vocacional. En 14 de octubre de 1941 Gayes se declaró culpable al acusársele una vez más del delito de escalamiento en tercer grado. En solicitud independiente interesando se dejara sin efecto la sentencia dictada en su contra, su contención fué que ésta se dictó indebidamente por haberse tomado en consideración la sentencia anterior que ordenó su reclusión en la escuela vocacional. Resuelta la cuestión adversamente por las cortes del Estado de Nueva York y visto el recurso ante el Tribunal Supremo de la Nación, éste resolvió que al llamarse el caso por el delito subsiguiente en 1941 Gayes tuvo plena oportunidad de impugnar la validez de la sentencia anterior, especialmente cuando esa sentencia figuró en el procedimiento en que se dictó la sentencia que ahora está cumpliendo y que toda vez que dentro del proceso que culminó en la segunda sentencia no se impugnó en forma alguna la anterior dictada en su contra, el peticionario no podía dentro del recurso que la corte inferior tuvo ante sí, atacar indirectamente la sentencia de 1938.

No habiendo el peticionario impugnado la convicción anterior por el delito de violación dentro del caso mismo seguido en su contra por el delito de asesinato subsiguiente, él no tiene derecho ahora al remedio solicitado.

*Debe confirmarse la resolución apelada.*