[Crim. No. 905.   Third Appellate District.—September 7, 1926.]

## THE PEOPLE, Respondent, v. TOM ANASTASION, Appellant.

[1] CRIMINAL LAW—RAPE—LASCIVIOUS CONDUCT—EVIDENCE.—In this prosecution upon an information in the two counts, one count charging the defendant with the crime of rape committed upon a female of the age of ten years, and a second count charging the defendant with the crime of lascivious conduct committed with the same female, the evidence was sufficient to support the judgment of conviction upon both counts.

[2] ID.—TESTIMONY OF PROSECUTRIX—CORROBORATION.—In such prosecution, the testimony of the female, who was found to be of the age of eleven years, did not require corroboration.

---

(1) 31 C. J., p. 994, n. 70, p. 1000, n. 84; 33 Cyc., p. 1486, n. 12.
(2) 33 Cyc., p. 1496, n. 85.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

---

2. See 22 Cal. Jur. 399; 22 R. C. L. 1222.

The facts are stated in the opinion of the court.

Martin I. Welsh and John C. March for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was tried and convicted upon an information containing two counts, one count charging the defendant with the crime of rape committed upon a female of the age of ten years, and a second count charging the defendant with the crime of lewd and lascivious conduct committed with the same female, all in the county of Sacramento, state of California, and charged to have been committed in the month of August, 1925.

The jury fixed the place of imprisonment in the state prison. From the judgment of conviction and the order of the trial court denying defendant's motion for a new trial this appeal is taken.

The record shows that this cause was regularly set for hearing and notice given. No appearance, however, was made on the part of the defendant and appellant and no brief has been filed by or on behalf of the appellant. [1] We have, however, examined the record and find that the testimony of the female and the testimony of two physicians called on the part of the People amply sufficient to support the judgment of conviction upon both counts. [2] The female was found to be of the age of eleven years, and under the ruling in the cases of *People* v. *Mayes,* 66 Cal. 597 [56 Am. Rep. 126, 6 Pac. 691], and *People* v. *Preston,* 19 Cal. App. 675 [127 Pac. 660], did not require corroboration. But, as we have stated, the testimony of the female was corroborated to the effect that her person had been violated by someone. We have gone through the record and found the same exceptionally free from any rulings of the trial court that could possibly be construed as prejudicial to the appellant. The testimony is of such a character that it should not be spread upon the records and we have therefore contented ourselves with saying that the verdict of the jury finds ample support

and the defendant appears to be properly and justly convicted.

The order and judgment of the trial court are affirmed.

Hart, J., and Finch, P. J., concurred.