[Crim. No. 1417. First Appellate District, Division One.—June 30, 1927.]

In the Matter of the Application of H. G. PARSONS for a Writ of Habeas Corpus.

Ernest B. D. Spagnoli for Petitioner.

No appearance for Respondent.

KNIGHT, J.—Application for a writ of *habeas corpus.* The petitioner is now being imprisoned in the state prison under a commitment issued out of the superior court in and for the county of Imperial, which shows that he was charged in said court with "the crime of felony, to-wit: sex perversion," and upon arraignment entered a plea of "guilty of the offense charged in the information." The commitment then reads: "That, whereas, the said H. G. Parsons having been duly convicted in this court of the crime of felony—sex perversion, it is therefore Ordered, Adjudged and Decreed, that the said H. G. Parsons be punished by imprisonment at San Quentin, in the State Prison, of the State of California, for the term of not more than fifteen years."

Petitioner contends that the "sentence and judgment are void for the following reasons: (1) because the same fixes or names the maximum penalty, and (2) because the same does not name the felony offense with such particularity as would enable the State Prison Board to determine what the minimum and maximum terms of the imprisonment for the offense of which petitioner was convicted consisted of."

In re-establishing section 288a of the Penal Code (Stats. 1921, p. 1633) the legislature has, in effect, declared the commission of the acts described in said section to be "sex perversion," the title of the legislative enactment of said section being, "An Act . . . Prohibiting Sex Perversion and prescribing a penalty for a violation of the provisions hereof"; and it does not appear that the expression mentioned has been employed by the legislature in connection with the enactment of any other penal statute.

Necessarily the name of the felony of which petitioner stood convicted and for which he was sentenced could not have been inserted in the commitment because in the section itself no legal appellation was given to the acts denounced therein as a crime, the legislature having merely described them, and declared that any person participating in them was "punishable by imprisonment in the State Prison for not more than fifteen years." The intentional omission to name the crime in the section itself is accounted for by by the fact that in framing the previous code section, of which the present one is in re-enactment, the legislature sought to name the crime without describing the acts constituting the same, and the section was declared to be unconstitutional. (*In re Lockett,* .179 Cal. 581 [178 Pac. 134].)

█ For the reasons stated we are of the opinion that the recital in the commitment that petitioner was charged with, plead guilty to, and was sentenced to prison for the crime of "felony, to-wit: sex perversion" when read in connection with the title to the legislative enactment of said section 288a, sufficiently indentified the crime with that section to enable the prison board to exercise its jurisdiction, under section 1168 of said code, in fixing the term of imprisonment.

█ The sentence imposed upon petitioner was not invalidated by the inclusion therein of the maximum of "not

more than fifteen years.'' The terms of the court's sentence are identical with those fixed by said section 288a, no minimum penalty being stated, and consequently the instant case is differentiated from the case of *People* v. *Lee,* 36 Cal. App. 323 [172 Pac. 158], upon which petitioner seems to rely. Conceding that the judgment of sentence may have consisted merely of a recital of the offense of which petitioner stood convicted, and a designation of the state prison to which he was committed (*People* v. *Mendosa,* 178 Cal. 510 [173 Pac. 998]), the fact that the trial court followed the terms of the statute did not interfere in any manner with the operation of the indeterminate sentence law nor with the jurisdiction of the prison board in the matter of fixing the period of imprisonment, and, therefore, the sentence imposed was not erroneous.

The application is denied.

Tyler, P. J., and Cashin, J., concurred.