[Crim. No. 2586. Second Appellate District, Division Two.—September 4, 1934.]

THE PEOPLE, Respondent, v. BETTY KOCALIS, Appellant.

George B. Hancock for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of nine offenses involving three small children. She appeals on the ground of insufficiency of evidence. The offenses will be considered in the chronological order in which they occurred.

On or about February 13, 1933, at the noon hour, appellant asked a seven-year-old boy, who was returning to school, to show her the location of a store. After the boy pointed out a store, appellant took him by the hand, pulled him a quarter of a mile and into an alley, took down his trousers, whipped him with a switch and then with a board and slapped his face. She then buttoned up his trousers, pulled him along, telling him to keep still. They entered an apartment, where appellant made the boy suck her breasts. She later left the youth outside, where he was found and taken home. His body showed bruises and welts. On the basis of these acts the jury convicted appellant, in count 7, of "assault by means of force likely to produce great bodily injury", which was reduced by the court to "assault", in count 8 of child stealing (Pen. Code, sec. 278) and in count 9 of violation of section 288 of the Penal Code.

On or about June 16, 1933, appellant stopped an eight-year-old girl who was leaving school about 2 o'clock in the afternoon, and asked if she "wanted to go with her and see the girls that had two legs cut off". The girl answered "no", whereupon appellant put her arm around her and went up to a room in a house. Appellant there removed the child's dress and told the girl to "nurse her", to "suck her breast", which the child did. They left the house and went to another, where appellant "spanked" her very hard with a strap, later whipped her with switches and slapped her face. She then took the girl to the corner and left her. The child's face and body were swollen and bruised. For the acts relating to this little girl the jury convicted appellant in count 4 of "assault by means likely to produce

great bodily injury'', which was reduced by the court to ''assault'', in count 5 of child stealing and in count 6 of violation of section 288 of the Penal Code.

On or about March 1, 1934, appellant accosted a six-year-old boy on his way home from school and told him ''your mother got killed with a hand cut off down some place and I will be your new mother''. She put her arm around him and went up on the porch of a house. Appellant whipped the boy with switches, threw him down on the porch, choked him and put her hand over his nose. Meanwhile, the boy cried and tried to get away. She then sat in a chair and had the boy sit on her lap and nurse her breasts. The boy was found and taken to the receiving hospital, where it was observed that his clothing was torn and his body dirty, bruised and bleeding. On the basis of these acts the jury convicted appellant in count 1 of assault by means of force likely to produce great bodily harm, in count 2 of child stealing and in count 3 of violation of section 288 of the Penal Code.

It is not disputed that the evidence furnished ample support for the convictions under counts 1, 4 and 7. ▮ Appellant's position as to counts 2, 5 and 8 is stated to be: ''If appellant took these children for the purpose of gratifying her sexual desire or those of the children, then she would not be guilty of taking the children with the intent to detain and conceal them from their parents or guardians. It is conceded that the length of time the children were held is not material only for the purpose of showing what her intentions were.'' The evidence, however, was sufficient to justify the conclusion of the jurors that appellant took and enticed these three children with intent to detain and conceal each of them from its parent or guardian. The fact that she released each of them after she had accomplished her felonious purpose in no way detracts from the force or effect of the evidence of such intent.

▮ Appellant contends that a witness of tender years must be corroborated as to testimony concerning a violation of section 288 of the Penal Code. No such corroboration is required. (*People* v. *Camp*, 26 Cal. App. 385 [147 Pac. 95].)

▮ The evidence fully supports the conviction on each of

the nine counts, and it is clearly apparent from the record that substantial justice has been accorded by the trial court.

Judgment and order affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 18, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 4, 1934.