[Crim. No. 2208.   First Dist., Div. Two.   Jan. 22, 1942.]

THE PEOPLE, Respondent, v. RELLIS Q. DORIUS, Appellant.

David B. Fyfe for Appellant.

Earl Warren, Attorney General, and Dennis Hession, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant was charged by information with wilful failure to provide without lawful excuse for his two minor children. (Penal Code, sec. 270.) He was found guilty upon a trial by jury. His motion for a new trial and his motion in arrest of judgment were denied. He was sentenced to the county jail for thirty days, execution of said sentence was suspended and probation was granted. Defendant appeals from the order denying his motion for a new trial and from the order denying his motion in arrest of judgment.

Defendant first contends that the evidence was insufficient to sustain the verdict but we find no merit in this contention. The information charged that on or about December 31, 1940, and for more than six months prior thereto, defendant did wilfully and without lawful excuse fail to provide his two minor children with necessary food, shelter, clothing, medical attendance and other remedial care. It appeared from the evidence that defendant was a journeyman painter who was capable of earning and did earn good wages during said period except at the times that he failed to obtain or retain employment by reason of his excessive use of intoxicating liquor. He was nevertheless employed

during the greater portion of said period. Defendant took the stand and testified from recollection regarding the amount of his earnings and the amounts turned over to his wife for the support of the family. This testimony appears to have been rather indefinite and unsatisfactory but it did definitely show that defendant averaged over $160 per month in earnings for at least three months of the period covered by the information. His wife testified that she had no record of the money turned over to her but that it was about $45 per month, not over $50. She further testified that the money turned over to her was never sufficient to pay the rent and other necessary household expenses, all of which she was expected to pay therefrom; that in December, 1940, there was a large accrued indebtedness for rent, utilities and food; that the electricity had been disconnected on two occasions for nonpayment of the electricity bill; that the credit of the family with the dairy company has been discontinued for nonpayment of that company's bill; that on two occasions she had been compelled to borrow money for necessaries as she was unable to procure it from defendant; and that the minor son had left home because conditions were intolerable and said son had joined the Civilian Conservation Corps. Defendant himself conceded that "Sometimes we might be short of food a day or two certain times."

We deem it unnecessary to summarize further the evidence. A reading of the record shows that the jury could properly conclude from the evidence that defendant did not diligently seek employment and perform the services which he was able to perform in order to provide for the family; that he used a considerable portion of his actual earnings for the purchase of intoxicating liquor; and that he wilfully failed without lawful excuse to provide his minor children with the necessaries of life in violation of said section 270 of the Penal Code.

Defendant further contends that the trial court erred in refusing to admit testimony to show that his wife received a check in the sum of $22.50 each month for the services of the minor son after said son had joined the Civilian Conservation Corps. Defendant states that he and his wife were equally entitled to said earnings of said minor son (Civil Code, section 197) and that defendant was entitled to have one-half of each check or $11.25 applied to the support of the minor daughter who was the only minor child then

needing support from him. Assuming, without deciding, that error was committed in excluding said testimony, we do not believe that such error was prejudicial to defendant. The information covered a period of time prior to as well as after the entry of said son into the Civilian Conservation Corps, and furthermore, even if said evidence had been admitted and defendant had been credited with an additional contribution of $11.25 per month for each month after said minor son left home, the evidence would still have been sufficient to show a violation by defendant of said section 270.

■ Defendant further contends that the trial court was without jurisdiction of the offense charged. It is claimed that the justice's court of San Rafael Township was a Class A justice's court (Code of Civil Procedure, section 81) at the time of the filing of the information herein and that said justice's court, rather than the superior court, had jurisdiction of the offense charged. (Penal Code, section 1425.) The consideration of this contention requires the statement of further facts.

At the time of the filing of the information, the 1930 census was the last published census and it showed that San Rafael Township had a population of less than 30,000. The justice's court of that township was therefore acting at that time as a Class B justice's court (Code of Civil Procedure, sec. 81). Concededly, Class B justice's courts did not have jurisdiction over the offense charged but Class A justices' courts did have such jurisdiction. (Penal Code, sec. 1425.) In 1940, a new census was taken but the results thereof were not announced until February 18, 1941. The information herein had been previously filed in the superior court on January 31, 1941, and the trial was concluded on February 26, 1941. When the results of the 1940 census were announced on February 18, 1941, it appeared that the population of San Rafael Township on April 1, 1940, was 30,111. Upon learning the results of the 1940 census showing that San Rafael Township then had a population which was slightly in excess of 30,000, defendant urged these facts in support of his motion in arrest of judgment which motion was denied.

Defendant cites and relies upon *County of Los Angeles* v. *Justice's Court*, 208 Cal. 429 [281 Pac. 611]; *People* v. *Tossetti*, 107 Cal. App. 7 [289 Pac. 881]; and *People* v. *Wong Wang*, 92 Cal. 277 [28 Pac. 270], to support his contention that it is the *fact* of population which is determinative of the

question of jurisdiction of the justices' courts. These cases were all decided, however, prior to the 1933 amendment and later amendments to section 81 of the Code of Civil Procedure. Said cases illustrate the perplexing jurisdictional problems which were presented to the courts prior to the amendment of said section and it appears that the amendments to said section were adopted for the purpose of making it possible to determine definitely the question of jurisdiction at any given time.

Said section 81 of the Code of Civil Procedure now reads in part ''For the purpose of determining the jurisdiction of any justice's court therein, the population of a judicial township shall be deemed to be above or below 30,000 either as may have been found to be the fact in any proceeding in mandamus brought in a court having jurisdiction thereof, or as shown by the last preceding census taken under the direction of the Congress of the United States, whichever may be later.'' It is conceded that the population of San Rafael Township has never been determined in any proceeding in mandamus.

It will be noted that the words ''shown by'' are the words employed in said section with reference to the census. These words necessarily refer to a census which has been officially announced so that the figures may be definitely ascertained and may be the subject of judicial notice. (Code of Civil Procedure, sec. 1875, subd. 3.) The words ''shown by'' could not possibly refer to a census which has been taken but the results of which have not been officially announced. We are therefore of the view that for the purpose of determining the jurisdiction of the justice's court of San Rafael Township on January 31, 1941, the population of said township was deemed to be the population as then shown by the census of 1930 and not the population as subsequently shown by the census of 1940. Said justice's court therefore did not have jurisdiction of the offense and the information was properly filed on January 31, 1941, in the superior court, which last mentioned court continued to have jurisdiction for the purpose of hearing and disposing of the cause. (22 C. J. S. 261.)

The final contention of defendant is that the ''judgment is void for the reason that it fails to show that appellant's failure to provide for his children was wilful and without lawful excuse.'' Defendant cites and relies upon *In*

*re Cowan,* 137 Cal. App. 209 [30 Pac. (2d) 443] and *In re Mize,* 11 Cal. (2d) 22 [77 Pac. (2d) 472]. There is language in the Cowan case which tends to support defendant's contention but that case is distinguished in the Mize case. (*In re Mize, supra,* page 27.) Furthermore, both cases involved petitioners who had been convicted in the justices' courts. In the case before us the defendant was charged by information in the superior court. The allegations of the information were full and complete including the allegations that defendant failed to provide for his minor children "wilfully" and "without lawful excuse." Defendant was tried by a jury which rendered a verdict of "Guilty." This was a sufficient verdict as it "imports a conviction . . . of the offense charged." (Penal Code, sec. 1151.) Judgment was thereafter rendered upon said verdict.

But defendant calls attention to section 1207 of the Penal Code which reads "When judgment upon a conviction is rendered, the clerk must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any." Here the clerk's entry in the minutes, before setting forth the sentence imposed, merely recited that "Whereas, the said Rellis Q. Dorius having been found guilty in the court of misdemeanor to wit: Failure to Provide for Minor Children:" It did not recite that defendant had been convicted of failing to provide for his minor children "wilfully" or "without lawful excuse" or that he had been convicted of a violation of section 270 of the Penal Code. It is a sufficient answer to defendant's contention to point out that the verdict of the jury here "constituted an adjudication that the offense was wilful and without lawful excuse" which was ground of distinction pointed out in *In re Mize, supra,* at page 27. It was there said on page 26, in discussing said section 1207, that if a defendant felt prejudiced by an omission from the clerk's entry in a superior court action, "his remedy would be to secure a correction of the entry to state the offense of which he had been convicted by verdict of the jury or finding of the court entered in the minutes. The clerk's record may be amended to speak the truth."

The order denying the motion for a new trial and order denying the motion in arrest of judgment are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.