[Crim. No. 2006.   Third Dist.   July 1, 1947.]

THE PEOPLE, Respondent, v. WILLIAM BECKER, Appellant.

James F. Gaffney for Appellant.

Fred N. Howser, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

THOMPSON, J.—The defendant was charged by an information filed against him in Sacramento County with five separate crimes consisting of lascivious acts perpetrated, or attempted to be perpetrated, upon two 13-year-old boys. The first two counts charged violations on different dates of section 288 of the Penal Code, by lewd and lascivious acts performed on defendant's stepson, Howard Thompson. The third count charged defendant with a similar offense performed on April 19, 1946, upon Joe Urrutia. The fourth count charged the defendant with attempting to perpetrate the crime prohibited by section 288a of the Penal Code, upon his stepson. The fifth count charged him with attempting to perform the last-mentioned crime upon Joe Urrutia. The cause was tried by the court sitting without a jury. The defendant was acquitted of the charges contained in the first and fourth counts. The court, however, found him to be guilty of the second, third and fifth counts. The defendant was sentenced upon the last-mentioned three counts to imprisonment in state prison at San Quentin for the terms prescribed by law, said sentences to run concurrently. A motion for new trial was denied. From the judgment and the order denying a new trial the defendant has appealed.

The appellant contends that the judgment and commitment are not supported by the evidence; that the defendant was convicted on the uncorroborated testimony only of accomplices to the crimes; that the testimony of the two boys was inherently improbable and unbelievable, and that the court erred in convicting and sentencing the defendant of and for the violation of section 288a of the Penal Code, upon the fifth count of the information, which merely charged him with the offense of an *attempt* to commit that crime.

There is an abundance of evidence to support the judgments of conviction of the separate offenses charged in counts two, three and five of the information. The defendant was a witness in his own behalf and flatly contradicted the testi-

mony of both boys with relation to each of the said charges. The cause was tried by an experienced judge sitting without a jury. The convictions rest primarily upon the credibility of the defendant and the two boys who were involved in the offenses. The defendant was successfully impeached. He admitted that he had been previously convicted of the crimes of "receiving stolen property, and counterfeiting." One of his character witnesses, who testified as to his good reputation for morality was also impeached. He admitted that he was convicted of the crime of counterfeiting and served sentence therefor in the federal prison at McNeil Island. There is evidence tending to discredit the prosecuting witness, Howard Thompson, by showing that he had expressed enmity toward his stepfather, and that he had been committed to the Detention Home. The credibility of his evidence was primarily a matter for the determination of the trial judge. Joe Urrutia's evidence, with respect to the offenses charged in counts three and five of the information, was corroborated in essential details by Howard Thompson. There was no effort to impeach Urrutia's testimony. The testimony of these boys does not appear to be inherently improbable, or unbelievable. We conclude that the judgments of convictions of the second, third and fifth counts of the information are adequately supported by the evidence. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]; 16 Cal.Jur. 14, § 11.)

The appellant asserts that he was unlawfully convicted upon the uncorroborated testimony of the two boys who were accomplices in the alleged offenses. There is no merit in that contention. The offenses were committed on boys who were under the age of 14 years. ■ The rule is well established that lewd and lascivious conduct of an adult person upon infants under the age of 14 years, is not required to be corroborated under section 1111 of the Penal Code, for the reason that they are not ordinarily considered as accomplices. (*People* v. *Troutman,* 187 Cal. 313, 317 [201 P. 928]; *People* v. *Smittcamp,* 70 Cal.App.2d 741, 749 [161 P.2d 983]; *People* v. *Becker,* 140 Cal. App. 162, 164 [35 P.2d 196]; *People* v. *Kocalis,* 140 Cal.App. 566 [35 P.2d 584]; *People* v. *Anastasion,* 79 Cal.App. 268 [249 P. 209]; 16 Cal.Jur. 12, §10; 8 Cal.Jur. 176, § 254.) Moreover, there is corroborating evidence of the offenses charged in counts two, three and five of the information, sufficient to fulfill the requirements of section 1111 of the Penal Code. Those offenses were commit-

ted in the bedroom of defendant's home, on the night of April 19, 1946. Howard, the defendant's stepson, and his friend Joe Urrutia, were sleeping together in that room, when the defendant entered and committed the separate offense prohibited by section 288 of the Penal Code, first upon Howard, and then upon Joe. The defendant later that same night attempted to perpetrate the crime upon Joe under section 288a, as alleged in the information. The boys testified to many circumstances with relation to each of those crimes of which the defendant was convicted. The evidence indicates that neither of the boys willingly submitted to the offenses. There is convincing evidence that the attempted crime of fellatio was committed upon Joe by means of force, threats and coercion on the part of the defendant.

The appellant contends that the judgment is void with respect to the fifth count of the information for the reason that the defendant was charged therein with an *attempt* only to violate section 288a of the Penal Code, and that the court lacked jurisdiction to find him guilty of the actual violation of that statute. We are convinced that the record clearly shows the court did not determine that the defendant was guilty of actually violating section 288a. In announcing the judgment of conviction, in pronouncing sentence, and in the commitment, the trial court invariably referred to "conviction of the crime of violation of Section 288a of the Penal Code, *as charged in count 5, as charged in the Information.*" Reference was thereby made to the allegations of count five of the information, which charged an *attempt* to commit that offense, and not an actual perpetration of the offense. The defendant could not be misled or prejudiced by that language. The information is a part of the record. It was read to the defendant upon his arraignment. The record of a criminal case includes the information, the minutes showing the adjudication of conviction, and the judgment. (*People* v. *Camp,* 42 Cal.App. 411, 422 [183 P. 845].) It is true that, upon pronouncing judgment, the defendant is entitled to be informed of the crime with which he is charged. (Pen. Code, § 1200.) The judgment should state briefly the offense for which the conviction was had. (Pen. Code, § 1207.) But the entire record may be examined in determining the offense for which the defendant is sentenced. An erroneous statement of the offense will not vitiate the judgment when the record fully discloses the crime of which he was charged and for which he

was convicted. (*In re Basuino,* 22 Cal.2d 247, 251 [138 P.2d 297].) Departure from the form prescribed by the Penal Code with respect to pleadings or proceedings of a criminal case, and errors or mistakes therein, which do not actually prejudice the defendant, do not render the judgment void. (Pen. Code, § 1404.) ■ A judgment is not fatally defective when the information, proceedings of trial, judgment of conviction and commitment, taken together, sufficiently show the crime of which a defendant has been convicted and sentenced so as to protect him against a subsequent prosecution for the same offense. (8 Cal.Jur. 477, § 492.) ■ It has been frequently held that when the judgment record, by reference to the indictment, information or complaint, to which reference is specifically made, sufficiently shows the offense of which a defendant has been convicted, and for which he is sentenced, the reference to or description of the offense is sufficient, and that the defendant is not prejudiced by inaccurate statements with relation thereto, and the judgment is not void on that account. (*In re Basuino, supra;* People v. *Dorius,* 49 Cal.App.2d 259, 263 [121 P.2d 508]; *Ex parte Bagshaw,* 152 Cal. 701, 704 [93 P. 864]; *People* v. *Terrill,* 133 Cal. 120 [65 P. 303]; *Ex parte Murray,* 43 Cal. 455; *In re Parsons,* 84 Cal.App. 267 [257 P. 881]; *People* v. *Camp, supra,* at p. 421; 8 Cal.Jur. 477, § 492; 24 C.J.S. 132, § 1601; 14 A.L.R. 994, note.) We conclude that the judgment of commitment in this case is not void for lack of jurisdiction, or otherwise, and that the defendant was sufficiently informed of the offense of attempt to violate section 288a, with which he was charged and the crime for which he was convicted and duly sentenced.

■ There is no merit in the appellant's contention that the court wrongfully sentenced the defendant to imprisonment in state prison for violation of count one of the information, of which alleged crime he had been formally acquitted by the trial judge. It does appear in the transcribed phonographic notes of proceedings of sentence that ''Count one'' was inadvertently included. However, in that same proceeding the judge later correctly stated that the sentences ''as to each one of the counts, two, three and five, shall run concurrently.'' In the clerk's transcript of proceedings it correctly and definitely appears, in the adjudication of conviction, in the sentence and in the commitment, that the defendant was formally acquitted of the first and fourth counts, and that

he was convicted and sentenced only for the second, third and fifth counts. An examination of the entire record leaves no doubt of that fact. The defendant was not prejudiced by the said inadvertent statement.

The judgment and the order denying a new trial are affirmed.

Adams, P. J., and Peek, J., concurred.