[Crim. No. 769.   Fourth Dist.   Apr. 24, 1952.]

THE PEOPLE, Respondent, v. LOUIS VOGEL, Appellant.

504

Leslie L. Burr for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was found guilty by a jury of violation of section 270 of the Penal Code in that on or about the 1st day of September, 1951, he did wilfully and unlawfully and without lawful excuse omit to provide necessary food, clothing, shelter, medical attention and other remedial care for two of his minor children. A motion for a new trial was denied and defendant was sentenced to the county jail for 60 days. The sentence was suspended and defendant was placed on probation for one year on the condition that he pay the sum of $80 per month for the support of his children.

### Evidence

Defendant's wife testified that she and the defendant were married in 1931; that there were three children the issue of that marriage: Louis, aged 19, Hilda, aged 18 and Joe, aged 15; that all three were living with her in El Centro; that she was supporting Hilda and Joe by taking in washing and ironing; that she received the sum of $40 from the defendant in the latter part of August, 1951, and that she had received no other money from him; that whenever she asked defendant for money, he refused and said "You can work"; that she had been providing food and clothing for the children; that the boys had newspaper routes; that she paid defendant $50 per month because he demanded part of what she and the children were making; that he had not purchased

any clothes for her or for the children for the past five years; that she was not in good health; that one of the children needed dental care and they both needed clothing; and that defendant "drank very much" and spent "a great amount" for liquor, buying at least one-half gallon of wine or four quarts of beer each day "sometimes more."

A payroll supervisor of the Imperial Irrigation District testified that defendant was employed by the district from October 9, 1950, to September 1, 1951, as a watchman and during that period his average earnings exceeded $200 per month.

Defendant testified that from July, 1951, to September 1, 1951, he paid out a total of $369. However, of this amount, only $40 was paid to his wife.

The stated evidence was uncontradicted and is ample to sustain the verdict and judgment. (*People* v. *Dorius,* 49 Cal. App.2d 259, 260-262 [121 P.2d 508].)

■ Defendant argues that he was ejected from the family home July 17, 1950, and that since he was thus deprived of all contact with his family, the children had abandoned him, relieving him from the duty to support them. This argument is entirely without merit. The evidence does not support any inference that defendant was abandoned by his children. The testimony showed that defendant moved from the family residence and was not ejected therefrom; that he stayed in the vicinity and was in a position to see his children and to make provision for them.

■ Proof of the omission by the defendant to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his children is prima facie evidence that such omission was wilful and without lawful excuse. (Pen. Code, § 270; *People* v. *Norton,* 47 Cal.App.2d 139, 142 [117 P.2d 402].)

■ Defendant contends that he is relieved from the responsibility to support his children by reason of the provisions of sections 207 and 208 of the Civil Code. These sections are not applicable to the situation here presented as we are not here concerned with the defendant's possible liability to third persons but only with his failure to provide suitable support for his children.

At the trial the defendant contended that the fact that the children were working should have been taken into consideration. The evidence was that the children and defendant's

wife worked because of defendant's failure to provide for them and that their combined earnings were not sufficient to provide them with the necessary food, clothing, and medical attendance.

 Defendant next argues that he was unable to provide for his family because of his other personal expenses. This argument likewise is without merit as the obligation to pay such expenses does not relieve defendant's obligation to support his minor children. (*People* v. *Curry,* 69 Cal.App. 501, 506-507 [231 P. 358].) Furthermore, the evidence is that the defendant was earning sufficient money to support himself and also pay a substantial amount to his wife and family.

Defendant attempts to appeal from the verdict of the jury and since no appeal lies therefrom, the attempted appeal from such verdict is dismissed. (*People* v. *D'Elia,* 73 Cal. App.2d 764, 766 [167 P.2d 253].)

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 6, 1952.