[Crim No. 4995.   Second Dist., Div. One.   June 17, 1953.]

THE PEOPLE, Respondent, v. LOUIS NOVEL et al., Defendants; CHARLES AUGUSTUS BLANCK, Appellant.

Warner, Peracca & Cowan and James O. Warner for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed be the district attorney of Los Angeles County on March 29, 1951, and containing two counts, appellant was accused of the crime of robbery. It was further charged that at the time of the commission of each offense he was armed with a deadly weapon.

On April 16, 1951, before Judge Thurlow T. Taft, appellant pleaded "guilty as charged in count 1 of the information" and denied being armed. As to count 2 he entered a plea of "not guilty."

As to the issue of being armed as charged in count 1 trial by jury was duly waived. Appellant was granted leave to file an application for probation. The hearing on said application, pronouncement of judgment and sentence as to count 1, as well as the disposition of count 2, the determining of the issue of being armed, and the fixing of the degree of the crime were set for May 14, 1951, upon which date, at the request of appellant, the matters were continued to May 21, 1951.

On the last named date, appellant, by leave of court, withdrew his plea of not guilty theretofore entered to count 2, was rearraigned, pleaded "guilty as charged in count 2 of the information," and denied being armed at the time of the commission of the offense. Trial by jury of the issue of being armed was duly waived. It was stipulated that the issue of whether or not the appellant was armed, as alleged, could be determined by the court upon the transcript of the preliminary hearing, the probation officer's report and any other evidence that might be introduced at the hearing thereon. At the request of the appellant, joined in by his counsel, the date for determination of the issue of being armed, the fixing of the degree of the crime, and the pronouncing of judgment and sentence as to count 2 were continued by Judge Taft to May 26, 1952. On count 1, the court found that the appellant was not armed, determined that the crime was robbery of the second degree, ordered proceedings suspended, and granted the appellant conditional probation for a period of five years.

On May 26, 1952, as to count 2, the hearing on the application for probation, the determination of the allegation of being armed, the fixing of the degree of the crime, and pronouncing of judgment and sentence were continued by Judge Taft to September 16, 1952. The conditions of the probation granted as to count 1 were modified and the matter was continued for further hearing on September 16, 1952.

On September 16, 1952, at the request of the appellant, Judge Taft continued the matters to be determined as to count 2 to December 16, 1952.

On November 10, 1952, the appellant appeared before Judge Bordé for a hearing on violation of his probation as to count 1, and the hearing was continued on motion of the appellant to November 24, 1952. On November 24, 1952, the matter was again continued by Judge Bordé to January 19, 1953.

On December 16, 1952, as to count 2, Judge Taft found the crime to be robbery of the second degree and that the appellant was not armed. Appellant was sentenced to the state prison for the term prescribed by law.

It is from the judgment entered on December 16, 1952, that appellant prosecutes this appeal.

An examination of the records of the Judicial Council of the State of California reflects that the Honorable Thurlow T. Taft, a judge of the Municipal Court, City of Santa Monica, was assigned by the Chairman of the Judicial Council

to sit as a judge of the Superior Court of Los Angeles County for the periods April 2, 1951, to June 30, 1951; July 2, 1951, to September 29, 1951; and October 1, 1951, to December 31, 1951, and "until he has completed and disposed of all causes and matters heard by him." It is conceded that Judge Taft was not assigned to sit as a judge of the superior court at any time during the year 1952.

It is first contended by appellant that Judge Taft had no authority to pronounce the judgment and sentence entered on December 16, 1952, because the term of his assignment as a judge of the superior court expired December 31, 1951.

Upon this appeal we are concerned only with the proceedings had in connection with count 2 of the information. With reference to that count the record shows that on May 21, 1951, appellant pleaded guilty to the charge of robbery therein contained, but denied he was armed with a deadly weapon at the time of the commission of the crime. On the last mentioned date, at the request of appellant, or at least with his consent, the date for hearing the issue of his being armed and for determination of the degree of the crime, as well as the pronouncement of judgment and sentence was continued to May 26, 1952. At the time this order was made Judge Taft was regularly assigned as a judge of the superior court. On May 21, 1951, when the order of continuance to the 1952 date was made, it was stipulated that the above named issue might be determined by the court on the transcript of the preliminary examination, on the report and supplemental report of the probation officer, and "such other evidence as may be introduced by either party at that time in 1952."

It is the contention of respondent that the transcript of the preliminary examination and the probation officer's reports were thus introduced into evidence before Judge Taft on May 21, 1951, when he was a regularly assigned judge of the superior court, on the issues of being armed and the degree of the crime. That the matter was then continued for the introduction of further evidence and decision on the matters thus submitted. That the proceedings as herein narrated amounted to a partial hearing of such matters by Judge Taft. That the cause having been partially heard by him before the expiration of his assignment he was authorized to hear further evidence and make a determination as to the entire matter even though the term of his Judicial Council assignment had expired.

■■ We are satisfied that respondent's contentions must be sustained. Judge Taft's assignment for the year 1951 authorized and empowered him to act as a judge of the superior court not only during the calendar year 1951, but thereafter, ''until he has completed and disposed of all causes and matters heard by him.'' The fact that the cause was continued after partial hearing to a time subsequent to the expiration of Judge Taft's assignment did not deprive him of jurisdiction to thereafter finally hear and determine it. · In fact, it was his duty under said assignment to complete it. (*Gury* v. *Gury,* 219 Cal. 506, 509 [27 P.2d 758] ; *People* v. *Marshall,* 209 Cal. 540, 546, 547 [289 P. 629].) Though it be conceded, as urged by appellant, that any regular judge of the superior court did have authority to pass judgment on count 2, nevertheless that fact did not disqualify Judge Taft from so acting pursuant to the terms of his Judicial Council assignment.

■ It is next urged by appellant that he suffered prejudice and violation of his legal rights because of the failure of the court to pronounce judgment and sentence within the time prescribed by section 1191 of the Penal Code. Appellant insists he suffered prejudice because of the failure of the court to pronounce sentence on count 2 until more than a year after he pleaded guilty to the charge therein contained, in that, the threat of sentence on that count was made an improper condition of probation on count 1.

It is conceded that a new trial will not be granted because of the error here complained of unless an examination of the record in the trial court reveals that the error resulted in a miscarriage of justice (*People* v. *Pollock,* 31 Cal.App.2d 747, 761 [89 P.2d 128], *People* v. *Haines,* 64 Cal.App. 628, 630 [222 P. 183] ; *People* v. *Howard,* 10 Cal.App. 2d 258, 260 [52 P.2d 283]). The failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error of procedure within the meaning of section 4½ of article VI of our state Constitution.

■ We are satisfied that in the instant case the continuance, lengthy as it was, did not operate to the prejudice of appellant or violate any of his legal rights.

The record shows that after appellant pleaded guilty to the charge of robbery contained in count 2, which was at the same hearing that the court was to pass sentence and consider the application for probation on count 1, the following transpired:

"THE COURT: Approach the bench. There is one matter I overlooked.

"(Counsel approaches the bench and an off-the-record discussion had at bench)"

Thereupon, appellant was rearraigned on count 2, entered a plea of guilty and denied the allegation that he was armed at the time of the commission of the offense. The deputy probation officer then informed the court that the accused had not been arraigned for sentence, whereupon the following occurred:

"THE COURT: That's right. I am going to continue it first. If it is at the request of the defendant, the court will continue sentence on Count II and the determination of the degree of the offense until Monday, May 26, 1952, at 10 a.m. Is that at the request of the defendant?

"THE DEFENDANT BLANCK: Yes, sir.

"THE COURT: And you join in the request?

"MR. BOWLER (Appellant's counsel): Yes, sir."

Thereupon, the court did so continue count 2 and granted probation as to count 1. Manifestly, the continuance as to count 2 was granted at the request of appellant, concurred in by his counsel.

It is appellant's contention that in the aforesaid "off-the-record" discussion the judge indicated that he "did not have any intention of sentencing the defendant on Count 2 . . . the only purpose was to make it an additional condition of his probation. It would not be invoked unless the defendant did not make satisfactory progress under his probationary term under Count 1." But the record does not bear out that contention. It was on December 16, 1952, to which date the cause was continued at appellant's request that judgment and sentence was pronounced on count 2.

We have carefully read the record in this cause. It presents a picture wherein appellant was given every opportunity to rehabilitate himself, a picture wherein the court and appellant's counsel, in the trial court, cooperated in every possible way to enable him to do so, but that he failed miserably. As stated by respondent, "While the appellant could have had sentence pronounced on Count 2 immediately and could have asked for probation on that count as well as Count 1, he chose not to take a chance of having probation denied as to Count 2, but rather, to ask for a long continuance instead, with the hope, perhaps, that such count would be dismissed if he suc-

ceeded on probation on Count 1. During the period between the plea of guilty and the sentencing, the appellant was under no restriction or supervision caused by Count 2.''

To predicate a miscarriage of justice on the facts revealed by the record herein would challenge credulity and do violence to reason.

Finally, appellant urges that the waiver of his right to sentence within the time specified in section 1191 of the Penal Code was not freely given but was virtually coerced by the court following the foregoing ''off-the-record'' discussion at the bench when probation was granted, according to appellant, ''Obviously, as a condition of obtaining probation on Count 1 of the information.'' This contention is untenable because it finds no support in the record. The court did no more than to indicate that if appellant desired the time for pronouncement of judgment and sentence on Count 2 set over for a year, such order would be made. As observed by respondent, ''It does not appear from the record that the court would not have been willing to pronounce judgment and sentence at that time, and even granted probation on Count 2 along with Count 1, if the appellant had not wished a continuance. The court did not indicate what effect, if any, a failure to ask for a continuance would have on the application for probation on Count 1. The request for continuance appears from the record to have been made freely and voluntarily by the appellant, perhaps with the hope that he would get probation on Count 1 and hear no more of Count 2. However, such a motive for giving it does not make it a coerced request.'' (See *People* v. *Lamattina*, 38 Cal.App. 82, 88, 89 [175 P. 484].)

For the foregoing reasons the judgment is affirmed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 15, 1953.