[Crim. No. 1894. Fourth Dist. Dec. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. VERNON MELVIN BLACKMAN, Defendant and Appellant.

304

J. Perry Langford, under appointment by the District Court of Appeal, and Edgar G. Langford, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of selling marijuana, i.e., a violation of section 11531 of the Health and Safety Code; entered a plea of guilty to the lesser and included offense of possession of marijuana, i.e., a violation of section 11530 of the Health and Safety Code; applied for probation; was sentenced to imprisonment in the state prison; and appeals from the judgment, seeking reversal upon the grounds (1) that the court did not consider and determine his application for probation, and (2) that the clerk did not enter the judgment in the minutes as required by section 1207 of the Penal Code.

On the date set for the hearing on the application for probation and for pronouncement of judgment, the probation officer filed with the court his report recommending denial of the application; the trial judge endorsed thereon, over his signature, a statement that he had "read and considered the foregoing report of the Probation Officer"; the court asked the attorney for the defendant if he had any recommendations he wished to make with respect to the subject at hand; in response thereto the attorney related his reasons for believing that the defendant should be placed on probation, and requested that the court make its order accordingly; when this statement was concluded the court asked the probation officer and the district attorney respectively for their comments, and each of them indicated his belief that probation should be denied; following this the court instructed the clerk to arraign the defendant for pronouncement of judgment; the clerk complied with this instruction and, after relating the nature of the offense to which the defendant had entered a plea of guilty, stated: "Probation having been denied this date, this is the time set for pronouncing judgment. Have you any legal cause to show why judgment should not be pronounced at this time?" to which the attorney for defendant replied: "No legal cause"; thereupon the court sentenced the defendant to imprisonment in the state prison for the time prescribed by law. From the foregoing it appears that the court did not expressly declare that it had denied the defendant's application for probation. Relying upon this fact, the defendant contends that the court failed to consider and determine his application, and urges this failure as a ground for reversal.

In support of this position the defendant cites the rule that failure of a court to consider and determine a defendant's application for probation deprives him of a substantial right, and requires a reversal of the judgment against him, as expressed in *People* v. *Rojas*, 57 Cal.2d 676, 681 [21 Cal. Rptr. 564, 371 P.2d 300, 85 A.L.R.2d 252], and *People* v. *Walters*, 190 Cal.App.2d 98, 100 [11 Cal.Rptr. 597], together with the cases therein cited. However, in the foregoing cases, the court did not actually consider the defendant's application for probation. ▮▮ In the instant case the record establishes that the court read and considered the report of the probation officer; invited all counsel to express their positions with respect to the application for probation; listened to their replies; directed the clerk to arraign the defendant,

who did so and in the course thereof advised him that his application for probation had been denied, but he made no objection thereto; and thereupon pronounced judgment. Under these circumstances, the pronouncement of judgment was the equivalent of a formal order denying the application for probation. (Cf. *Oster* v. *Municipal Court,* 45 Cal.2d 134, 139 [287 P.2d 755]; *In re Herron,* 217 Cal. 400, 404 [19 P.2d 4].)

Following pronouncement of judgment, as appears from the record herein, the court signed and caused to be filed a document entitled ''Commitment to State Prison,'' using an appropriately filled in printed form for this purpose. The body of this document contained the following: ''The defendant is duly arraigned and sentenced as indicated.

''Whereas the said defendant having duly plead guilty in this court of the crime of Possession of Marijuana (Health & Saf. Code, § 11530) a lesser included offense of Sale of Marijuana (Health & Saf. Code, § 11531)

''and probation having been denied.

''It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the California Institution for Men for the term prescribed by law.

''It is further ordered that the defendant be remanded to the custody of the Sheriff of the County of San Diego, to be by him delivered into the custody of the Director of Corrections at the California Institution for Men at Chino.

''I hereby certify the foregoing to be a true copy of the Judgment duly made and entered on the minutes of the Superior Court herein.''[1]

From the record it also appears that a copy of the aforesaid ''Commitment to State Prison'' was filed in the case in which the stamped name of the trial judge appears in lieu of his signature, and upon the face of which there is the following:

''MINUTES

Dept. No. 8

Date: Feb. 21, 1963''

There is no other entry of the judgment in the minutes of the court.

The defendant contends that neither of the foregoing documents comply with the requirements of section 1207 of

---

[1] By order of this court the record herein was augmented by depositing with us the case file of the superior court.

the Penal Code which provides: "When judgment upon a conviction is rendered, the clerk ... must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any."

It also is contended that the failure of the clerk to properly enter the judgment in the minutes of the court requires that the proceedings be remanded to the trial court for further consideration.

After a conviction, following either a plea or verdict of guilty, the court must pronounce judgment upon the defendant (Pen. Code, §§ 1191, 1193, 1202, 1445), i.e., impose a fine or sentence of imprisonment. (*People* v. *Perkins,* 147 Cal.App.2d 793 [305 P.2d 932].) Pronouncement of judgment must be done orally. (*In re Bateman,* 94 Cal.App. 639, 640 [271 P. 757].) To do so the court must "utter" its determination in the premises. (*Ibid.*) This is a judicial act. *(People* v. *Vaile,* 2 Cal.2d 441, 445 [42 P.2d 321]; *In re Larsen,* 44 Cal.2d 642, 647 [283 P.2d 1043].) Entry of the judgment in the minutes records the action of the court in the premises; is a ministerial act *(Wilson* v. *Los Angeles County Employees Assn.,* 127 Cal.App.2d 285, 290 [273 P.2d 824]; *McKannay* v. *McKannay,* 68 Cal.App. 709, 715 [230 P. 218]); and does not constitute "pronouncement" of judgment. The reason for requiring a minute entry of the judgment in a criminal case is to furnish a concise record showing the crime of which the defendant has been convicted and the punishment imposed, which will protect him against a subsequent prosecution for the same offense. (*In re Basuino,* 22 Cal.2d 247, 251 [138 P.2d 297]; *People* v. *Becker,* 80 Cal.App.2d 691, 695 [181 P.2d 958].) An irregularity in the minute entry purportedly recording a criminal judgment, because of its failure to conform to the requirements of Penal Code section 1207, does not affect the validity of the judgment actually pronounced. (*In re Mize,* 11 Cal.2d 22, 27 [77 P.2d 472].) Where the record as a whole shows the offense of which the defendant was convicted and the punishment imposed therefor, any such irregularity is not prejudicial (*In re Mize, supra,* 11 Cal.2d 22, 25), and does not warrant a reversal of the judgment. (*In re Basuino, supra,* 22 Cal.2d 247, 251-253; *In re Mize, supra,* 11 Cal.2d 22, 25; *People* v. *Becker, supra,* 80 Cal.App.2d 691, 695; cf. *People* v. *Mitman,* 122 Cal.App.2d 490, 497 [265 P.2d 105]; *People* v. *Novel,* 118 Cal.App.2d 534, 538 [258 P.2d 46].)

In the instant case it is apparent that the clerk used

the printed commitment order form as a basis for his minutes in recording the pronouncement of judgment. In doing so he caused his minutes to create an ambiguity by failing to strike from the printed form that paragraph thereof reciting that it was a *copy* of the judgment duly made and entered in the minutes. Nevertheless, the entry in question obviously was intended to be the original minutes of the court as indicated by the statement thereon:

"MINUTES
Dept. No. 8
Date: Feb. 21, 1963"

and the printed paragraph stating that it was a copy of the minutes should be disregarded as surplusage. █ Furthermore, the offense of which the defendant was convicted and the sentence imposed therefor appear with certainty from other parts of the record, *viz.*, (1) the minute entry recording his plea of guilty to the offense of possession of marijuana, (2) the court reporter's notes, which are official records of the court (Gov. Code, § 69955), and (3) the order of commitment to the state prison signed by the trial judge and certified by the clerk, which set forth both the offense and the penalty.

Under these circumstances, any alleged defect in the form of the minutes kept by the clerk of the court, which we do not commend, does not require a reversal of the judgment. (*In re Basuino, supra,* 22 Cal.2d 247, 251.)

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.