Filed 8/6/14  P. v. Curiel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PABLO LOPEZ CURIEL,<br><br>Defendant and Appellant. | C074439<br><br>(Super. Ct. No. NCR75375,<br>NCR86172) |

In November 2008 defendant Pablo Lopez Curiel pleaded no contest to conspiracy to sell or transport marijuana (Pen. Code, § 182, subd. (a)(1); Health & Saf. Code, § 11360, subd. (a)) in case No. NCR75375.  Pursuant to the plea agreement, the trial court imposed a three-year state prison term, suspended execution of sentence, and placed defendant on five years' formal probation.

In April 2013 defendant entered into a negotiated disposition where he pleaded guilty to possession of methamphetamine for sale (Health & Saf. Code, § 11378), maintaining a place for the sale of methamphetamine (Health & Saf. Code, § 11366), and

1

unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)) in case No. NCR86172, and admitted violating his probation in case No. NCR75375. There were two sentencing hearings: the trial court imposed a five-year term at the first hearing and clarified what it meant at the second hearing, where it imposed a five-year term again.

On appeal, defendant contends the trial court erred in failing to pronounce orally the sentence for each count in case No. NCR86172. In his reply brief, defendant contends the trial court imposed an unauthorized sentence at the second sentencing hearing. We shall vacate the sentence, remand for sentencing, and otherwise affirm the judgment.

## BACKGROUND

We omit the facts of defendant's crimes as they are unnecessary to resolve this appeal.

The change of plea form in case No. NCR86172 states defendant may receive a maximum sentence of three years for the possession of methamphetamine for sale count and maximum eight-month terms for the maintaining a place for sale of methamphetamine and possession of ammunition counts. The form does not indicate a stipulated sentence as part of the plea.

The trial court informed defendant at the plea colloquy that he was subject to a maximum term of three years for the possession for sale count and would receive eight-month terms for each of the other two counts. A stipulated term was not mentioned at the hearing.

The probation report in case No. NCR86172 states "[t]here was a plea agreement of four years state prison or five years probation and up to three hundred sixty-five days jail."

At the June 11, 2013, sentencing hearing, the prosecutor informed the trial court that the statement in the probation report regarding a possible stipulated sentence was

wrong, as defendant's sentence was not part of the plea agreement. The prosecutor asked for the maximum term of four years four months in state prison in case No. NCR86172 and a consecutive eight-month term in case No. NCR75375, for a total term of five years in state prison.

The trial court sentenced defendant to four years four months in state prison but did not indicate which case number or numbers the sentence was for and did not specify the sentence for each count. The court then imposed an eight-month term in case No. NCR75375, to be served consecutively to the term in case No. NCR86172.

The trial court held a new sentencing hearing on July 23, 2013, "for clarification as to sentence." The court stated it "intended to, if it did not, sentence the defendant to four years in state prison on the count 1 charge of 182a1 of the Penal Code and one-third the mid-term of two years on count -- I believe that's count 2. Let me clarify. Yes, count 2 is the 11360 (a) of the Health and Safety Code for an aggregate term of four years, eight months. That was the Court's intention."

After indicating this was a state prison rather than a county jail sentence, the trial court concluded as follows: "The minutes reflect that in case NCR86172 the defendant was sentenced to four years, four months in state prison. In NCR75375 the defendant was to receive eight months in state prison consecutive with NCR86172. But he still -- he's to receive four years on count 1 in this case, 75375."

The abstract of judgment for the second sentencing hearing shows a four-year upper term for the possession for sale offense, a consecutive four-month term for the maintaining a place for sale offense, and a consecutive eight-month term for the conspiracy count, for a total term of five years in state prison.

## DISCUSSION

In his opening brief, defendant contends that the sentence rendered at the June 11, 2013, hearing was unauthorized because the court did not specify the terms for each offense in case No. NCR86172. The Attorney General claims this argument is forfeited

3

because defendant did not raise the matter with the trial court. The Attorney General further contends that any error was corrected by the trial court's articulation of the sentence at the July 23, 2013, hearing, and defendant forfeited any claim regarding the July 23 hearing on appeal by not addressing that hearing in his opening brief.[1] Finally, the Attorney General claims there were errors in the abstract of judgment for the July 23 sentencing hearing. Defendant contends in his reply brief that the sentence pronounced at the July 23 hearing was unauthorized.

"The several sections of this code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed." (Pen. Code, § 12.) "When the defendant pleads guilty, or is convicted, either by the court, or by a jury, the court shall render judgment thereon of fine or imprisonment, or both, as the case may be." (Pen. Code, § 1445.) "After a conviction, following either a plea or verdict of guilty, the court must pronounce judgment upon the defendant . . . , i.e., impose a fine or sentence of imprisonment." (*People v. Blackman* (1963) 223 Cal.App.2d 303, 307.) The appropriate procedure when the trial court fails to sentence a defendant on a required count is to remand and direct the trial court to impose sentence. (*Hoffman v. Superior Court* (1981) 122 Cal.App.3d 715, 724-725.)

We need not determine whether the trial court rendered an unauthorized sentence by failing to specify the sentence for each count at the June 11, 2013, hearing. The July 23, 2013, hearing was a valid exercise of the trial court's authority to recall and modify a sentence within 120 days of the original sentence. (Pen. Code, § 1170, subd. (d)(1); *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1834-1835.) Since

---

[1] This argument was made without the benefit of seeing the reporter's transcript of the July 23, 2013, hearing, which was made part of the appellate record on the same day that the Attorney General's brief was filed.

the notice of appeal had not yet been filed, the trial court also had the authority to correct any unauthorized aspect of the sentence pronounced at the original sentencing hearing. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 941 [unauthorized sentence can be corrected at any time]; *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472-1473 [valid notice of appeal divests trial court of jurisdiction over any matter affecting judgment].)

Notwithstanding the Attorney General's argument, we will address the contentions in defendant's reply brief regarding the sentence pronounced at the July 23, 2013, hearing. Generally, points raised in the reply brief will not be considered out of fairness to respondent, who would be deprived of the opportunity to respond to the argument. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) One exception to this rule is for claims regarding unauthorized sentences, an error "reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) This exception applies to the contentions raised in defendant's reply brief.

The sentence pronounced at the July 23, 2013, hearing contains several errors that render the sentence unauthorized. The sentence "four years in state prison on the count 1 charge of 182a1 of the Penal Code" refers to the conspiracy to sell or transport marijuana count in case No. NCR75375.[2] The four-year term is greater than the three-year term originally imposed with suspended execution and is therefore unauthorized (see *People v. Howard* (1997) 16 Cal.4th 1081, 1087-1088 [trial court cannot modify a sentence after revocation of probation when the sentence was imposed but execution suspended prior to

---

[2] Any doubt regarding the interpretation of the trial court's initial statement is resolved by its concluding remark: "The minutes reflect that in case NCR86172 the defendant was sentenced to four years, four months in state prison. In NCR75375 the defendant was to receive eight months in state prison consecutive with NCR86172. But he still -- he's to receive four years on count 1 in this case, 75375." This leaves no doubt that the trial court intended to impose a four-year term for conspiracy to transport or sell marijuana, the only offense in case No. NCR75375.

the grant of probation]) as well as a violation of the plea agreement in case No. NCR75375. The trial court compounds this error by failing to impose a term for possession of methamphetamine for sale or for unlawful possession of ammunition.

We decline to try to ascertain what sentence the trial court actually wanted to impose. This is particularly true where, as here, the offenses in case No. NCR86172 were not subject to a stipulated sentence. We shall therefore vacate the sentence in both cases and remand for resentencing in accordance with this opinion. In light of the disposition we need not address the Attorney General's contentions regarding errors in the abstract of judgment.

## DISPOSITION

The judgments of conviction are affirmed. The sentence is vacated and remanded for resentencing consistent with this opinion.

                                                    RAYE          , P. J.


We concur:


        BUTZ          , J.


        MAURO          , J.


6