Filed 10/29/24  P. v. Mena CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS MENA,<br><br>    Defendant and Appellant. | G061782<br><br>(Super. Ct. No. 09SF0405)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed in part and remanded for resentencing.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Felicity Senoski, James H. Flaherty III and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus Mena appeals after the court granted his Penal Code section 1172.6[1] resentencing petition, vacated his attempted murder conviction, and redesignated the offense as assault with a firearm. Mena contends the court erred by redesignating his attempted murder conviction as assault with a firearm, and instead, the court should have redesignated the offense as conspiracy to commit an assault with a deadly weapon or by means of force likely to cause great bodily injury (conspiracy to commit aggravated assault). We disagree. We do, however, agree with the parties the matter must be remanded because the trial court neglected to impose a sentence on the redesignated offense. Accordingly, we remand the matter for resentencing. Upon resentencing, the court is directed to ensure the court's minutes and amended abstract of judgment accurately reflect the court's judgment. In all other respects, we affirm.

FACTUAL AND PROCEDURAL HISTORY[2]

In April 2009, individuals associated with the Varrio Viejo criminal street gang, including Mena, formulated a plan to drive to San Clemente to go "gangbanging" and "hit up" members of their gang's rival, Varrio Chico. The plan involved Mena, Jose Cruz Manzo, Antonio Cruz, and Alfredo De La Cruz traveling in one car, with J.C. and others traveling in a second car, which was to act as a decoy. Their plan also involved bringing a gun. Manzo said, "'If I need to use it, I'll use it.'"

---

[1] All undesignated statutory references are to the Penal Code.

[2] We provide a brief summary of the facts underlying the offense as a detailed recitation is unnecessary for resolution of the issues on appeal.

After driving to San Clemente, the two vehicles entered a neighborhood and their occupants came upon 17-year-old J.B., who was walking with a friend. Manzo got out of the car, chased J.B., and shot him multiple times. J.B. survived.

In 2010, the district attorney charged Mena, Cruz, De La Cruz, and others with conspiracy to commit an assault with a deadly weapon or by means of force likely to cause great bodily injury (§§ 182, subd. (a)(1), 245, subd. (a)(1);[3] count 1); attempted murder (§§ 664, subd. (a), 187, subd. (a); count 2); and active participation in a criminal street gang (§ 186.22, subd. (a); count 3). The district attorney alleged counts 1 and 2 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and alleged a gang-related vicarious firearm enhancement (§ 12022.53, subds. (d), (e)(1)) as to the attempted murder charge.

At the preliminary hearing, the prosecutor proceeded against Mena and his codefendants on the attempted murder charge under the natural and probable consequences doctrine.

In 2011, in a negotiated disposition, Mena pled guilty to attempted murder and admitted he committed the offense for the benefit of a criminal street gang. Pursuant to the plea agreement, he was sentenced to 19 years in prison and the remaining counts and enhancements were dismissed.

---

[3] At the time of the offense, section 245, subdivision (a)(1) included both assault with a deadly weapon and assault by means of force likely to cause great bodily injury. (Stats. 2004, ch. 494, § 1; see *People v. Aguilar* (1997) 16 Cal.4th 1023, 1026.) The statute was amended effective January 1, 2012 by moving the offense of assault by means of force likely to produce great bodily injury into subdivision (a)(4) of section 245. (Stats. 2011, ch. 183, § 1.)

In 2022, Mena filed a petition for resentencing pursuant to former section 1170.95 (now codified as § 1172.6).[4] The trial court issued an order to show cause and held an evidentiary hearing. At the conclusion of the evidentiary hearing, the court took the matter under submission. The court later granted the petition in a minute order, finding the prosecution failed to prove beyond a reasonable doubt Mena could be convicted of attempted murder as a direct aider and abettor under the current law. In the minute order, the court stated it found, under the current law, Mena "at most, would be convicted of assault with a deadly weapon under [section] 245[, subdivision] (a)(1)." The court indicated it intended to resentence Mena accordingly.

At the resentencing hearing, the parties addressed the appropriate crime to use as the target offense for resentencing purposes under section 1172.6. Mena's counsel asserted the court should find the target offense to be assault with a deadly weapon (§ 245, subd. (a)(1)). The prosecution argued assault with a firearm (§ 245, subd. (a)(2)) was the appropriate target offense. The court agreed with the prosecutor, finding the evidence showed Mena had knowledge of the gun prior to the shooting. The court vacated Mena's attempted murder conviction and redesignated it as assault with a firearm. The court did not pronounce a sentence for the redesignated offense but imposed two years of parole. Mena timely appealed.

---

[4] Former section 1170.95 was renumbered section 1172.6 without substantive change in the text effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) The current code section will be used herein.

DISCUSSION

I.

REDESIGNATION OF MENA'S ATTEMPTED MURDER CONVICTION
AS ASSAULT WITH A FIREARM

Mena contends the court erred by redesignating his attempted murder conviction as a conviction for assault with a firearm. He asserts the court was required to redesignate his conviction to conspiracy to commit aggravated assault, an originally charged offense. We agree with the Attorney General the court did not err by redesignating the conviction as assault with a firearm.

*A. Standard of Review*

Mena's argument presents an issue of statutory interpretation, which we review de novo. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1023.) "'""""As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.""""" (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).) "Rules of statutory construction obligate us to read a statute, and its various subdivisions, as a cohesive whole." (*People v. Marcus* (2020) 45 Cal.App.5th 201, 213–214.)

*B. Section 1172.6*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.; Senate Bill 1437) (Stats. 2018, ch. 1015) narrowed the scope of the felony-murder rule, with certain exceptions, and "eliminated liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*People v. Arellano* (2024) 16 Cal.5th 457, 468 (*Arellano*).) Senate Bill 1437 also created a procedure, in what is now section 1172.6, for

5

defendants previously convicted of murder to obtain retroactive relief if they could not be convicted of murder under the amended law. (*Lewis, supra*, 11 Cal.5th at p. 957.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

Pursuant to section 1172.6, subdivision (a), defendants previously convicted of attempted murder under the natural and probable consequences doctrine may petition the court that sentenced them to have their attempted murder convictions vacated and be resentenced. After the prosecution has had an opportunity to file a response and the petitioner file a reply, the court shall "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).) If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause. (*Ibid*; *People v. Strong* (2022) 13 Cal.5th 698, 708.) Unless the parties stipulate the petitioner is eligible for relief, the court shall hold a hearing within the prescribed time to determine whether to grant the petitioner relief. (§ 1172.6, subd. (d)(1) & (2).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder under California law as amended . . . ." (*Id.*, subd. (d)(3).)

Section 1172.6 also provides a remedy when the prosecution is unable to prove the petitioner is guilty under the amended law. Section 1172.6, subdivision (d)(3) provides: "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be

resentenced on the remaining charges." But under certain circumstances, the court may redesignate the conviction as a different offense. Subdivision (e) of section 1172.6 provides: "The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged generically, and the target offense was not charged."

*C. The Supreme Court's Decision in* Arellano

Recently, the California Supreme Court analyzed subdivisions (d)(3) and (e) of section 1172.6 in determining whether a court may add an unproven offense-specific sentencing enhancement or allegation to the redesignated conviction. (*Arellano, supra*, 16 Cal.5th at pp. 463–464, 469–470.)[5] Although the issue before the high court was different than the one we consider here, we are guided by the Supreme Court's analysis. Looking at the text of subdivision (d)(3), the Supreme Court explained the language directing the court to resentence the petitioner "on the 'remaining charges,'" was "a clear reference only to the charges that remain—not charges that *could have been* established by the evidence. [Citations.] . . . [I]n resentencing under subdivision (d) 'the resentencing court needs to abide by what's already occurred in the case; the prosecution does not get a second bite at the apple.'" (*Arellano*, at p. 470.)

The *Arellano* court also looked at the statutory language in subdivision (e) of section 1172.6, which applies when murder or attempted murder was charged generically and there has not been a finding on the target offense or underlying felony. (*Arellano, supra*, 16 Cal.5th at p. 470.)

---

[5] After the Supreme Court's decision in *Arellano*, the parties filed, at our invitation, supplemental briefs addressing the impact of the decision on this appeal.

7

Section 1172.6 does not define "'target offense'" or "'underlying felony,'" but these terms have clear meanings. (*Arellano,* at p. 470.) "'Target offense' is a term used in connection with the natural and probable consequences doctrine, referring to the crime the defendant intended to commit." (*People v. Patterson* (2024) 99 Cal.App.5th 1215, 1225; accord, *Arellano*, at p. 470 ["the 'target offense' refers to the offense the natural and probable consequence of which was murder"].) "An 'underlying felony' refers to the felony underlying a felony-murder theory." (*Arellano*, at p. 470.) As the Supreme Court explained in *Arellano*, "the 'target offense or underlying felony' under section 1172.6, subdivision (e) is the offense or felony that was the predicate for relief in the first place—i.e., the offense or felony that supported the prosecution's theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory in which malice is imputed based solely on that person's participation in a crime." (*Id.*, at pp. 474–475.)

In *Arellano*, the Supreme Court considered the language in section 1172.6, subdivision (e) that "the underlying felony or target offense 'was not charged'" and concluded an underlying felony or target offense was not charged if "the defendant was neither convicted of the underlying felony or target offense nor was either crime actually litigated." (*Arellano, supra*, at p. 474, fn. 5.)[6] Thus, under section 1172.6, subdivision (e), where the murder or attempted murder offense was charged generically and the underlying felony or target offense was not charged nor litigated, the trial court

---

[6] In *Arellano*, the Supreme Court noted the parties agreed resentencing in the case "was governed by section 1172.6, subdivision (e) despite the fact that . . . an accusatory pleading did at one point charge the underlying felony." (*Id.* at p. 474, fn. 5.)

redesignates the murder or attempted murder conviction to "'the target offense or underlying felony for resentencing purposes.'" (*Arellano*, at p. 470.)

In *Arellano*, the Supreme Court concluded when resentencing under section 1172.6, a court lacks "the separate authority to search out and impose sentence allegations and enhancements that were not charged and proven at trial" because an enhancement is not part of an underlying felony or target offense. (*Arellano, supra*, 16 Cal.5th at p. 474.) The Supreme Court declined to address "whether a court has discretion under section 1172.6, subdivision (e) to redesignate a murder conviction as multiple underlying felonies or target offenses or whether a court must redesignate an underlying offense in any particular degree" because those questions were not before it. (*Id.*, at p. 474.)

## D. The Trial Court Properly Redesignated Mena's Attempted Murder Conviction as Assault with a Firearm

Using *Arellano*'s guidance, we agree with Mena the redesignation of his attempted murder conviction is governed by section 1172.6, subdivision (e). This provision controls because the attempted murder offense in Mena's case was charged generically and the target offense was not charged (i.e., he was not convicted of the target offense nor was the target offense litigated during trial proceedings). (See *Arellano, supra*, 16 Cal.5th at p. 474, fn. 5.) Under section 1172.6, subdivision (e), the court can redesignate the murder or attempted murder conviction to the target offense. The dispute in this case is whether the court erred in its selection of the target offense.

Here, the trial court redesignated Mena's attempted murder conviction as the offense of assault with a firearm. Mena contends the court erred in doing so and the court was required, instead, to redesignate his attempted murder conviction as conspiracy to commit an aggravated assault,

9

an offense charged in the information but dismissed pursuant to his plea agreement. He argues where a target offense was originally charged but dismissed pursuant to a plea agreement, that offense must be used when an attempted murder conviction is redesignated under section 1172.6, subdivision (e).

Regardless of the validity of Mena's theory, it does not apply here because the target offense was not charged, as noted by the Attorney General. The originally charged crime of conspiracy to commit an aggravated assault was not a "target offense." "Conspiracy is an inchoate crime." (*People v. Swain* (1996) 12 Cal.4th 593, 599.) "[C]onspiracy is defined in the Penal Code as 'two or more persons conspir[ing]' '[t]o commit any crime,' together with proof of the commission of an overt act 'by one or more of the parties to such agreement' in furtherance thereof. (Pen. Code, §§ 182, subd. (a)(1), 184.)" (*Id.* at p. 600.) Conspiracy itself has a target offense; it is the offense the conspirators agree to commit, i.e., the object of the conspiracy. (*Ibid.*) Conspiracy itself is not a target offense. "Criminal conspiracy is an offense distinct from the actual commission of a criminal offense that is the object of the conspiracy." (*People v. Morante* (1999) 20 Cal.4th 403, 416.)

Here, the information charged Mena with conspiracy to commit aggravated assault. The target offense or object of the conspiracy was aggravated assault, a violation of section 245, subdivision (a)(1). At the time Mena was charged, the natural and probable consequences doctrine applied to conspirators and aiders and abettors. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 901; *People v. Prettyman* (1996) 14 Cal.4th 248, 261, superseded in part by Sen. Bill 1437.) Application of the natural and probable consequences doctrine to conspirators required proof the nontarget offense, here attempted murder, was the natural and probable consequence of the

target offense of the conspiracy, which was aggravated assault. (See Judicial Council of California, Criminal Jury Instructions (March 2019 ed.) CALCRIM No. 417.) When Mena was charged, he could have been convicted of attempted murder under the natural and probable consequences doctrine if he conspired to commit an aggravated assault, a member of the conspiracy committed an attempted murder to further the conspiracy, and the attempted murder was a natural and probable consequence of the common plan or design of the aggravated assault. (*Ibid*.) Thus, aggravated assault was the target offense that formed the basis for Mena's liability for attempted murder under the natural and probable consequences doctrine. Because aggravated assault was not separately charged in the information, the target offense was not originally charged.

Section 1172.6, subdivision (e) does not dictate how a court determines what the target offense was when it redesignates a murder or attempted murder conviction. In cases where a petitioner was convicted of murder or attempted murder following a trial, the redesignating and resentencing court can look at the evidence admitted at trial to discern what target offense or underlying felony supported the prosecution's theory of liability. (See *People v. Howard* (2020) 50 Cal.App.5th 727, 738 [trial evidence concerning petitioner's individual culpability supported court's redesignation of offense], disapproved on another ground in *Arellano, supra*, 16 Cal.5th at pp. 476–477.)

Here, because Mena pled guilty prior to trial, there was no trial evidence for the court to consider. Nevertheless, the hearing to determine whether Mena was entitled to relief under section 1172.6 provided the court significant evidence to make its determination of the offense upon which liability was based under the natural and probable consequences doctrine.

11

After considering the evidence at the evidentiary hearing, the court found assault with a firearm "to be the legally viable target offense" and redesignated Mena's attempted murder conviction as such. We find no error.[7] Under section 1172.6, subdivision (e), the court could engage in a factual determination as to what target offense was the basis of Mena's liability for attempted murder. (See *People v. Silva* (2021) 72 Cal.App.5th 505, 520 ["factfinding by the resentencing judge . . . is implicit in the redesignation process"].) While the court could have redesignated Mena's attempted murder conviction as conspiracy to commit aggravated assault, it was not required to do so.

The Supreme Court's decision in *Arellano* does not compel us to reach a different result. In *Arellano*, the parties agreed in the trial court the target offense for resentencing purposes was the dismissed charge of attempted robbery. (*Arellano, supra*, 16 Cal.5th at p. 465.) While the Supreme Court concluded a trial court lacks the ability to impose uncharged and unproven sentence enhancements, it expressly declined to address the extent of a trial court's "'discretion'" or "'flexibility'" when redesignating a *conviction* under section 1172.6, subdivision (e). (*Arellano*, at p. 474.) Where, as here, a court must redesignate a generically charged attempted murder conviction obtained by plea to an uncharged target offense, the determination

---

[7] Although not central to our analysis, we note Mena's counsel argued at the resentencing hearing the court should redesignate the attempted murder conviction as aggravated assault, not conspiracy to commit an aggravated assault.

of the target offense involves some inherent judicial factfinding and potential discretion.[8]

Here, after considering the evidence presented at the evidentiary hearing, the court properly redesignated Mena's attempted murder conviction as assault with a firearm.

## II.

### THE MATTER MUST BE REMANDED FOR RESENTENCING

After vacating Mena's conviction and sentence for attempted murder, the court redesignated the conviction as assault with a firearm, but the court did not orally impose a sentence on this offense. However, the court's minute order and the amended abstract of judgment state the court imposed the upper term of four years on the assault with a firearm conviction.

Although the court did not impose a sentence, it gave Mena credit for 4,883 days in actual custody. The court indicated, however, it would leave blank Mena's conduct credits for the California Department of Corrections and Rehabilitation to calculate. The court further stated it would waive "the fines and fees," and "court costs." The amended abstract of judgment does not clearly reflect the court's oral pronouncement regarding custody credits nor the waiver of the fines, fees, and court costs.

---

[8] The argument of Mena's trial counsel provides an example of this. At the conclusion of the evidentiary hearing, Mena's counsel argued the court should grant relief and redesignate the attempted murder conviction as disturbing the peace, simple assault, battery, or assault by means of force likely to cause great bodily injury. As counsel's argument reflects, several offenses may be potential target crimes for the court to consider when redesignating a conviction under section 1172.6, subdivision (e).

Mena contends and the Attorney General agrees that the matter must be remanded because the court failed to orally pronounce a sentence on the redesignated offense. We agree with the parties. A court must orally pronounce judgment on the record and in the defendant's presence. (§§ 1193, 1202; *People v. McGahuey* (1981) 121 Cal.App.3d 524, 530.) "'The pronouncement of judgment is a judicial act [citation], and is to be distinguished from the ministerial act of entering the judgment as pronounced in the minutes or records of the court [citation].'" (*People v. Prater* (1977) 71 Cal.App.3d 695, 701.) The ministerial action of entering judgment in the minutes does not constitute a valid pronouncement of judgment. (*People v. Blackman* (1963) 223 Cal.App.2d 303, 307.) Thus, the matter must be remanded for the court to orally pronounce judgment on the record as to Mena's conviction for assault with a firearm.

Mena further asserts that upon remand, the court must consider imposing the low term pursuant to section 1170, subdivision (b)(6)(B), calculate his *presentence conduct* credits, and correct the amended abstract of judgment to accurately reflect the court's oral order crediting him with 4,883 days in actual custody and waiving his fines, fees, and court costs. We agree these matters should be addressed at the resentencing hearing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 41 [trial court responsible for calculating all days defendant spent in custody and presentence *conduct* credits upon remand].)

DISPOSITION

The matter is remanded for the court to pronounce judgment on the redesignated offense of assault with a firearm. At the hearing, the court shall calculate Mena's actual days in custody and his presentence conduct credits. The court is directed to prepare and file an amended abstract of

14

judgment that accurately reflects its oral pronouncement of judgment and to forward a certified copy of the document to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.